COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Humphreys and McClanahan
Argued via teleconference


ROBERT AVERY HODO

MEMORANDUM OPINION[*] BY
v.      Record No. 0954-03-2          JUDGE ROBERT J. HUMPHREYS
JANUARY 28, 2004
AMANDA ANN HODO


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

George H. Edwards for appellant.

Denis C. Englisby (Englisby, Englisby & Vaughn, on brief), for
appellee.


Robert Avery Hodo (husband) appeals from a final decree of divorce awarding Amanda

Ann Hodo (wife) custody of the parties' minor child, as well as possession of the "family dog

'Grunt.'" Husband contends that the chancellor erred by: 1) requiring him to establish that a

material change in circumstances had occurred since entry of an agreed *pendente lite* order giving

wife custody of the parties' minor child during the pending divorce proceedings; 2) failing to grant

husband's motion to reconsider the custody order; and 3) failing to classify the "family dog 'Grunt'

as separate property of the husband." Finding no error, we affirm.

"Under familiar principles we view [the] evidence and all reasonable inferences in the light

most favorable to the prevailing party below." Martin v. Pittsylvania County Dep't of Soc. Servs., 3

Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). So viewed, the evidence presented below established

that the parties were married on May 20, 2000. Approximately one year prior to their marriage, the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

parties had a child, on June 10, 1999. The parties separated on May 5, 2001. On June 1, 2001, husband filed a bill of complaint seeking a divorce on grounds of desertion and requesting, among other things, custody of the minor child. Wife subsequently filed an answer and cross bill requesting that the chancellor grant her custody of the child, and requesting equitable distribution of the parties' marital property. The chancellor entered a *pendente lite* order on August 2, 2001, based upon the agreement of the parties, awarding wife custody of the child during the pending proceedings, reserving "reasonable visitation" for husband.

On March 21, 2002, the chancellor ordered the parties to "take evidence on all issues in the form of depositions" and to tender the depositions to the chancellor by May 6, 2002. The chancellor further ordered the parties to appear on May 10, 2002 for oral argument "regarding the respective positions of both parties."

Although the record demonstrates that the parties filed several pre-hearing motions and, on several occasions, had scheduled hearing dates, the record reflects that the chancellor did not "m[e]et" with the parties until February 10, 2003.[1] At that time, the chancellor announced his "ruling and findings from the bench."[2] According to the parties, the chancellor ordered, in relevant part, that wife maintain custody of the parties' minor child and gave wife possession of the family dog. The chancellor further ordered wife's counsel to prepare a final decree of divorce "in accordance with those rulings and findings."

Subsequent to the chancellor's order, and prior to entry of the final decree, husband and wife filed several additional motions with the chancellor. In particular, husband filed a motion entitled "Objections to the Entry of the Final Decree of Divorce," as well as a "Motion for

---

[1] The record is silent as to any explanation for this delay.

[2] The record contains no transcript of this proceeding, nor does it contain an agreed upon statement of facts concerning the proceeding.

Reconsideration." In the "Objections to the Entry of the Final Decree of Divorce," husband contended that on February 10, 2003, the chancellor "rendered its decision on the above-styled case without articulation of its reasons for said decision." In his "Motion for Reconsideration," husband argued that, because of the "inordinate amount of time between the taking of evidence and presentation of the Final Decree of Divorce for entry," "substantial and significant changes in circumstances pertaining to the care and custody of the infant child" had occurred. Husband further asked the chancellor to reconsider his ruling with regard to the family dog, contending that the evidence established the dog was "a gift [to him] from a third party and [was] not marital property."

On March 4, 2003, after hearing argument on these motions and considering additional evidence, *ore tenus*, the chancellor held as follows:

> The Court has considered the evidence and the arguments advanced by each of the parties in today's hearing. It has taken a brief review of the deposition testimony previously given in this case and looked at some of the pleadings that have been previously filed, and I have several motions filed by each of the parties.
>
> And the Court will dispose of those matters as follows:
>
>          \*     \*     \*     \*     \*     \*     \*
>
> With respect to Mr. Hodo's request that the Court reconsider the previous decision regarding custody and the award of the family pet, the Court will deny those motions.
>
> I appreciate . . . [husband's] argument, and I'm aware of the evidence indicating that the dog was previously given, but I determined previously that it was given to the benefit of the family and I thought it appropriate that the dog went with the child as the family pet. And that was one of the considerations that led the Court to conclude that the distribution of personal property of the dog was one of the items that went with [the child]. I do not find there to be sufficient evidence to warrant the reconsideration and reversal of that decision.
>
> Having said that, I will tell you, [wife], I have very grave reservations about your conduct. I don't find the evidence to be sufficient to reconsider and to reverse the Court's order of its decisions, but I will, in fairness to you, let you know that if it were

- 3 -

brought to the attention of the Court that you were in violation of the Court's orders, and, certainly, if the Court found that you were not being candid when testifying under oath, and that you were exposing this child to danger or neglect through your own abuse of drugs, abuse of alcohol or any other violation of the Court's prohibition of having overnight visitors, then the Court would not hesitate to take action.

\* \* \* \* \* \* \*

I have not found the evidence sufficient to undo the decisions that have previously been made, so the decision, which [husband] joined in the outset of this litigation for joint legal custody with primary physical custody to [wife] and visitation to [husband], will continue.

After the chancellor stated his ruling, husband noted two issues for the record for purposes of appeal. One, "as to the custody of the child, most important, and secondly as to the issue of whether or not the dog was truly a gift."

The final decree of divorce, entered March 10, 2003, awarded wife physical custody of the minor child, based upon "the depositions, the Memorandum [sic] of counsel, the argument of counsel, the elements in accord with Va. Code Sections 20-107.1 and 20-107.3, and 20-124.3." The decree further awarded visitation to husband, "[i]n accord with [the] *Pendente Lite* Order of August 2, 2001." Husband signed the decree "Seen and objected to as set forth in transcript of 4 March 2003 as contrary to evidence of 'best interest' & 'gift[.]' [O]bject [sic] as to weight of *pendente lite* order given to decide on custody – contrary to law regarding *pendente lite* orders[.]" (Internal quotation marks in original).

On this record, we find no merit in husband's first contention that the chancellor erred in his custody determination because it required husband to establish that a material change in circumstances had occurred since the entry of the agreed *pendente lite* custody order.[3]

---

[3] As a part of this argument, husband declares on brief that the chancellor failed to "communicate to the parties the basis of its decision either orally or in writing as specifically

- 4 -

Husband correctly points out that *pendente lite* orders entered pursuant to Code § 20-103(A) "have no presumptive effect and shall not be determinative when adjudicating the underlying cause." Code § 20-103(E).[4]

In the case at bar, the final decree of divorce indicates the chancellor ordered visitation "[i]n accord with [the] *Pendente Lite* Order." In addition, during the hearing on husband's motion to reconsider the custody order the chancellor stated that because he did not find the evidence sufficient to "undo" his earlier decision, "the decision, which [husband] joined in at the outset of the litigation" would "continue." However, there is simply no portion of the record which establishes, as husband contends, that the chancellor "required [husband] to show a substantial change in circumstances subsequent to the entry" of the agreed *pendente lite* order as a basis for his award of custody to wife. Indeed, nothing in the record demonstrates the chancellor gave the *pendente lite* order any "presumptive effect" in reaching his final determination of custody.

---

mandated by Section 20-124.3 . . . and merely stated that the custody of the child will be with the mother with visitation to the father." During oral argument, however, husband's counsel represented that this argument was not a basis for his appeal. Accordingly, and because we have no transcript or written statement of facts before us representing the February 10, 2003 proceeding (during which the chancellor rendered his initial award of custody to wife), we do not consider this contention further for purposes of this appeal. See Kane v. Szymczak, 41 Va. App. 365, 371, 585 S.E.2d 349, 352 (2003) (noting that "[i]n 1999 . . . the General Assembly amended Code § 20-124.3 to direct the trial court to state the 'basis for the decision *either orally or in writing*'" (emphasis added)); see also Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) ("An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court." (citation omitted)).

[4] Code § 20-103(A) provides that

> [i]n suits for divorce . . . the court having jurisdiction of the matter may, at any time pending a suit pursuant to this chapter, in the discretion of such court, make any order that may be proper . . . (iv) to provide for the custody and maintenance of the minor children of the parties, including an order that either party provide health care coverage for the children, . . . .

We further find no merit in husband's next argument, alleging that the chancellor erred in failing to grant his motion for reconsideration of the custody order "based on the after acquired evidence" presented "concerning the best interest of the infant child." We first note that the record reflects the chancellor orally entered an award of custody in favor of wife on February 10, 2003 and directed the parties to prepare the final decree in accordance with that order. However, the final decree was not ultimately entered until March 10, 2003 - after the hearing on husband's motion for reconsideration. Thus, the only question to be considered, is whether, based on the evidence presented, the chancellor erred in awarding custody to wife.[5]

"A trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882 (2003) (citing Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986)). "[A] divorce decree based solely on depositions is not as conclusive on appellate review as one based upon evidence heard *ore tenus*," but it is nonetheless "presumed correct and will not be overturned if supported by substantial, competent and credible evidence." Collier v. Collier, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986). Further, "[w]e defer to the trial court's evaluation of the credibility of the witnesses who testify *ore tenus*." Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002).

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "A trial court's determination of a child's best interests 'is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless

---

[5] Indeed, contrary to husband's claim on appeal that the court "denied [his] motion for reconsideration," the trial court clearly took additional evidence and reconsidered the custody award during the hearing on husband's motion.

- 6 -

plainly wrong or without evidence to support it.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley, 9 Va. App. at 327-28, 387 S.E.2d at 795 (citations omitted)).

Husband correctly points out on appeal that Code § 20-124.3 lists various factors a chancellor must consider when deciding the "best interests" of the child in a custody and visitation case. Code § 20-124.3; Kane, 41 Va. App. at 372-73, 585 S.E.2d at 352.[6] The statute also requires

_____

[6] Specifically, the statute requires that:

In determining best interests of a child for purposes of determining custody or visitation arrangements including any *pendente lite* orders pursuant to § 20-103, the court shall consider the following:

1. The age and physical and mental condition of the child, giving due consideration to the child's changing developmental needs;

2. The age and physical and mental condition of each parent;

3. The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;

4. The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;

5. The role which each parent has played and will play in the future, in the upbringing and care of the child;

6. The propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child;

7. The relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child;

"'an express communication to the parties of the basis for [its] decision.'" Lanzalotti, 41 Va. App. at 555, 586 S.E.2d at 883 (quoting Kane, 41 Va. App. at 373, 585 S.E.2d at 352); Code § 20-124.3. This communication may be provided either orally or in the form of a written order. See Code § 20-124.3.

The record here demonstrates the chancellor was presented with, and considered, evidence on these statutory factors. Indeed, in the final decree of divorce, the trial court specified that it rendered its decision based upon "the depositions, the Memorandum [sic] of counsel, the argument of counsel, the elements in accord with Va. Code Sections 20-107.1 and 20-107.3, and 20-124.3." As stated above, we do not have before us a transcript or written statement of facts representing the February 10, 2003 proceeding. Because it was at that proceeding that the trial court rendered its initial ruling, we cannot determine whether or not the trial court abused its discretion in awarding custody of the parties' minor child to wife.

The Supreme Court of Virginia has

> many times pointed out that on appeal the judgment of the lower
> court is presumed to be correct and the burden is on the appellant
> to present to us a sufficient record from which we can determine
> whether the lower court has erred in the respect complained of. If
> the appellant fails to do this, the judgment will be affirmed.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) (citations omitted). Accordingly, and because we do not have a sufficient record before us, we presume that the trial court's initial

---

8. The reasonable preference of the child, if the court deems the
child to be of reasonable intelligence, understanding, age and
experience to express such a preference;

9. Any history of family abuse as that term is defined in
§ 16.1-228; and

10. Such other factors as the court deems necessary and proper to
the determination.

Code § 20-124.3.

ruling, as well as its subsequent decision not to alter that ruling, was not plainly wrong or without evidence to support it.

We do not consider husband's final contention on appeal that the chancellor erred in failing to classify the "family dog 'Grunt' as separate property of the husband." Husband argues, in this regard, that the chancellor erred by failing to render a decision as to "whether the dog 'Grunt' was either marital property or separate property of either of the parties." Because, as he alleges, he "can clearly show that the dog was received by him as a valid gift," husband asks this Court to thus, "remand[]" this issue to the chancellor "with instructions to find that the dog 'Grunt' is the separate property of husband." However, the record reflects that husband never raised this specific issue before the trial court.

Indeed, in his motion to reconsider and during the subsequent hearing, husband contended only that the dog was gifted to him prior to the parties' marriage and that he did not, thereafter, gift the dog to wife or the family. On that basis alone, he claimed that the "clear, convincing and unequivocal evidence" established that the dog was his separate property. In his oral "exception[s]" to the chancellor's rulings, husband noted "the issue of whether or not the dog was truly a gift." Finally, in his written objection, as noted on the final decree of divorce, husband explicitly specified the basis for his objection "as set forth in the transcript of 4 March 2003 *as contrary to evidence of . . . 'gift.'*" (internal quotation marks in original) (emphasis added). Therefore, the record establishes that husband never argued below that the chancellor procedurally failed to properly classify the property as marital or separate property, as required by the equitable distribution statute (Code § 20-107.3). Instead, husband merely argued that the chancellor failed to classify the dog as his separate property based on the alleged evidence of "gift," or lack thereof. Accordingly, we find that we are precluded from considering this issue on appeal because husband failed to contemporaneously object to the specific issue he now raises. See Rule 5A:18;

Clark v. Commonwealth, 30 Va. App. 406, 411, 517 S.E.2d 260, 262 (1999) ("An objection made at trial on one ground does not preserve for appeal a contention on a different ground."); Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (noting that this Court "will not consider an argument on appeal which was not presented to the trial court").

For the foregoing reasons, the judgment of the chancellor is affirmed.

<u>Affirmed</u>.