COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and McClanahan
Argued at Chesapeake, Virginia


JOHN A. LANZALOTTI
                                          OPINION BY
v.   Record No. 2808-02-1      JUDGE ELIZABETH A. McCLANAHAN
                                       SEPTEMBER 30, 2003
CATHY LYNN LANZALOTTI


          FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                    AND COUNTY OF JAMES CITY
                 Samuel Taylor Powell, III, Judge

          Willafay H. McKenna for appellant.

          No brief or argument for appellee.


     John A. Lanzalotti (father) appeals from a decision of the

Circuit Court of the City of Williamsburg and County of James

City granting his former wife, Cathy Lynn Lanzalotti (mother),

physical custody of their child.  Father contends the trial

court erred by (1) failing to communicate the basis of its

decision as required by Code § 20-124.3; (2) limiting the length

of the hearing; and (3) failing to quash mother's

attorney-issued witness subpoenas.  For the following reasons,

we affirm in part, reverse in part and remand.

                      I.   BACKGROUND

     The parties married on June 18, 1994.  One child was born

of the marriage on September 14, 1995.  On November 10, 1999,

after leaving the home two days earlier, mother filed a bill of

complaint for divorce.  On May 5, 2002, after two pendente lite
hearings that included rulings on custody and visitation, and
several other hearings on other issues, the circuit court
entered a final decree of divorce.  The order reserved custody
and visitation issues for a separate hearing.

On June 20, 2002, father issued a notice of hearing on
custody and visitation for August 27, 2002.  Prior to the
hearing, both parties submitted proffers and home studies for
the court's consideration, and utilized attorney-issued
subpoenas for witnesses to be called at hearing.  Father filed
motions to quash two witness subpoenas issued by mother's
attorney on the grounds they were not properly endorsed and did
not include the issuing attorney's bar identification number.

At the beginning of the hearing, the court informed the
parties that the matter was scheduled for two hours, and gave
each party one hour to present its evidence.  Neither party
objected to the time limitation.  Father's attorney raised the
motions to quash.  Mother's attorney stated that the subpoenas
were issued by a private process server under her authority, but
admitted they were not personally signed by her, but by the
private process server.  Counsel for mother also admitted that
the subpoenas did not include her bar number, but maintained
that father's counsel knew her and that father was not
prejudiced by the omission.  The court overruled the motions.

Both parties and witnesses for each party testified at the hearing, which was punctuated by the chancellor's reminders of time used or remaining for each side.  At the conclusion of the evidence, the chancellor stated:

> The Court will find that both parties are competent and capable of raising their son. The Court will consider the statutory factors set forth in 20-104.3 [sic].  I have some other matters in the file that I want to review.  This is a substantial file.  I'm going to defer ruling for 24 hours so that I can review the entire file.

On September 3, 2002, the court issued a letter to the parties that read:

> The Court heard the evidence ore tenus, reviewed the proffers by each party and the home studies, and all other relevant evidence in this matter and in consideration of the factors as set forth in § 20-124.3, find that the best interests of the child will be served by awarding custody of the child to the mother with reasonable visitation reserved to the father.

The court entered an order on October 15, 2002, which included the following language:

> Evidence was heard ore tenus and was argued by counsel, upon consideration of which, and seeming proper to do, it is
> ADJUDGED, ORDERED and DECREED as follows:
> 1.  Primary physical custody of the minor child born of the marriage . . . is granted to the Plaintiff, Cathy Lynn Lanzalotti, with reasonable visitation rights reserved to the Defendant. . . .

Father noted objections to the order, inter alia, that the court failed to communicate the basis of the decision as required by

- 3 -

Code § 20-124.3 and that the court erred in overruling father's motions to quash the attorney-issued subpoenas.

## II.  ANALYSIS

On appeal, we view the evidence in the light most favorable to the prevailing party.  Brown v. Burch, 30 Va. App. 670, 681, 519 S.E.2d 403, 408-09 (1999).  A trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it.  Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986).  "A trial court's determination of matters within its own discretion is reversible on appeal only for abuse of that discretion . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it."  Goldhammer v. Cohen, 31 Va. App. 728, 734-35, 525 S.E.2d 599, 602 (2000).  A trial court, "'by definition abuses its discretion when it makes an error of law.'"  Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

Code §§ 20-107.2 and 20-124.3 allow a court to make a decree concerning the custody of minor children.  In determining what custodial arrangement serves the best interests of a child, the court must consider the factors enumerated in Code § 20-124.3.  In its original form, the statute did not expressly require the trial court to elaborate on its findings or, for that matter, to provide any explanation for its decision.  In

- 4 -

1999, however, the General Assembly amended Code § 20-124.3 to direct the trial court to state the "basis for the decision either orally or in writing."  This Court has recently held that

> Code § 20-124.3 requires the trial court to identify the fundamental, predominating reason or reasons underlying its decision. This level of specificity does not require the chancellor to address all aspects of the decisionmaking process, as one would expect from comprehensive findings of fact and conclusions of law.  Nor does the 1999 amendment require the chancellor "to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."

Kane v. Szymczak, ___ Va. App. ___, ___, ___ S.E.2d ___, ____ (August 26, 2003) (quoting Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002) (citation omitted)); see also Goodhand v. Kildoo, 37 Va. App. 591, 600, 560 S.E.2d 463, 467 (2002); Joynes v. Payne, 36 Va. App. 401, 416, 551 S.E.2d 10, 17 (2001).  While communicating the "basis" of the decision does not rise to the level of providing comprehensive findings of fact and conclusions of law, it does mean that the trial court must provide more to the parties than boilerplate language or a perfunctory statement that the statutory factors have been considered.  "The trial court must provide a case-specific explanation (one that finds its contextual meaning from the evidence before the court) of the fundamental, predominating reason or reasons for the decision."  Kane, ___ Va. App. at

____,___ S.E.2d at ____.  The statute requires "an express communication to the parties of the basis for the decision." Id.

At hearing, the trial court stated it needed to review the entire file before it could issue a ruling.  In his letter to the parties, the chancellor stated that he "heard the evidence ore tenus, reviewed the proffers by each party and the home studies, and all other relevant evidence in this matter and in consideration of the factors as set forth in § 20-124.3 find that the best interests of the child are served by awarding custody to the mother."  The order provided no reasoning.  The trial judge did not sufficiently communicate to the parties the basis of his decision to place custody of the child with mother. Therefore, we reverse and remand this matter to the trial court with instructions to provide an explanation in compliance with the statute.

Regarding the objection to time limits imposed at hearing, we find that father did not properly preserve the issue for appeal, as no timely objection was made.  Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

At the beginning of the hearing, the chancellor announced that the matter was scheduled for two hours, gave each side an hour to present their evidence, and stated, "This is what you asked for." The chancellor's statement indicates to this Court that the parties were in agreement that two hours were sufficient for the hearing. Neither party raised an objection at the time the chancellor announced the time restriction, and neither party noted their objection on the court's order. There were no proffers in the record as to what additional evidence would have been presented, or how the restriction harmed counsel's ability to present the case such that there was a due process violation. Further, we find that neither "good cause" nor "the ends of justice" require us to consider the issue.

On the issue of whether the chancellor erred in not quashing mother's attorney-issued witness subpoenas, we find without deciding whether there was error, that the decision to allow the witness testimony was harmless. The witnesses at issue were already in attendance at the hearing, and even if the motion to quash had been granted, they could have testified. A review of the transcript reveals that the parties were neither hurt nor harmed by the testimony of the witnesses at issue. Therefore, it plainly appears that even if the chancellor erred, it was harmless. Code § 8.01-678; Sargent v. Commonwealth, 5 Va. App. 143, 360 S.E.2d 895 (1987).

Accordingly, we hold that the chancellor's letter opinion and order fail to satisfy Code § 20-124.3's requirement that the trial court communicate to the parties the basis of the decision.  We reverse and remand this matter to the trial court for compliance with this statutory mandate.  We find that the question on time limits was not properly preserved and that the issue regarding attorney-issued subpoenas had no effect on the outcome of this case.  Therefore we affirm in part, reverse in part and remand.

<u>Affirmed in part,
reversed in part
and remanded.</u>