COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Petty
Argued at Chesapeake, Virginia


DENNIS GILLIKIN

                                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2468-05-1                    JUDGE ROBERT J. HUMPHREYS
                                                             MAY 23, 2006
MICHELE BURCHETT


                    FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                               Carl Edward Eason, Jr., Judge

           Brandon H. Zeigler (Wolcott Rivers Gates, on brief), for appellant.

           (Michele L. Burchett, *pro se*, on brief).


        Appellant Dennis Gillikin ("father") appeals the denial of his petition for custody of his

thirteen-year-old son, who currently resides in Kentucky with the child's mother, appellee

Michele Burchett ("mother").  On appeal, father contends that the trial court erred in holding that

the best interests of the child would be served by continuing to reside with mother, also arguing

that the trial court failed to communicate to the parties the basis for its custody decision, thereby

violating Code § 20-124.3.  For the reasons that follow, we agree that the trial court did not

comply with the requirements of Code § 20-124.3, and, therefore, we reverse the judgment

below and remand this case for further proceedings.


---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

## I. BACKGROUND

On appeal, we view the evidence in the light most favorable to mother, the party prevailing below. Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004). So viewed, the evidence in this case establishes the following.

Father and mother married on June 14, 1991. On July 4, 1992, mother gave birth to a son, the only child born of the marriage. The parties separated on February 1, 1998, when mother moved to Kentucky. The parties were divorced by final decree dated September 22, 1999, and the circuit court awarded father primary physical custody of the child.

In October of 1999, mother remarried. At some point during the following two years, father lost his job after suffering a work-related accident. Because of his injuries, father began taking Valium and other prescription medications, which affected his ability to care for the child. Thus, in April of 2001, mother petitioned for a change in custody, and, in June of 2002, she was awarded primary physical custody of the child.

Following entry of the custody order, mother allowed father to exercise his scheduled visitation with the child, but father occasionally had problems getting in touch with the child on the telephone. Beginning in November of 2004, father began working for the sales department of "East Coast Truck and Trailer Sales." His new position gave him "full benefits." Also, father stopped taking prescription medications, and, in August of 2005, father's girlfriend—who is separated from her husband but not divorced—moved into father's home.

On March 7, 2005, father filed a petition requesting that physical custody of the child be returned to him. The circuit court conducted a custody hearing on August 16, 2005. After hearing testimony from both parties and privately meeting with the child, the court held that, because father is now employed, there has "been sufficient change in circumstances shown."

The court then stated that, "having examined all the statutory factors, I cannot find that a change in custody would be in [the child's] best interest at this point," reasoning that

> [t]here has been nothing that's occurring in the home or in his life with his mother living in Kentucky that suggests to me that there's some harm to [the child], or that the change to custody to [father] would alleviate some detriment that he may currently be involved in by being in his mother's custody.

Thus, by final order dated September 12, 2005, the trial court held that, although father "did prove a material change of circumstances," he "did not prove that it was in the minor child's best interest to have custody change." This appeal followed.

## II. ANALYSIS

On appeal, father argues that the trial court erred in holding that the best interests of the child would be served by continuing to reside with his mother, also arguing that the trial court failed to adequately articulate the basis for its decision, as required by Code § 20-124.3. We agree that, under the circumstances of this case, the trial court did not adequately explain why the statutory best-interest factors supported its custody decision. Accordingly, we reverse on this ground, and we do not substantively address the issue of whether the trial court erred in holding that the best interests of the child would be served by continued placement in mother's custody.

Code § 20-124.3 lists several factors that the trial court "shall consider" when determining whether a change in custody would further the best interests of the child. "Although the trial court must examine all factors set out in Code § 20-124.3, 'it is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) (quoting Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (internal quotations omitted)).

Code § 20-124.3 also provides, however, that "[t]he judge shall communicate to the parties the basis of the decision either orally or in writing." In interpreting this provision, this

Court has held that "Code § 20-124.3 requires the trial court to identify the fundamental, predominating reason or reasons underlying its decision." Kane v. Szymczak, 41 Va. App. 365, 372-73, 585 S.E.2d 349, 353 (2003). Although "this level of specificity does not require the [trial court] to address all aspects of the decisionmaking process," id. at 373, 585 S.E.2d at 353, or "'quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors,'" id. (quoting Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002)), the statute "cannot be satisfied by formulaic and generalized explanations such as 'I've considered all the [statutory] factors . . . .'" Id. As we have reasoned, "[t]he statutory factors merely list topical issues for consideration," and those factors "become reasons for a particular decision only when one knows why the factors support the decision." Id. Accordingly, "[t]o satisfy Code § 20-124.3, . . . the trial court must provide a case-specific explanation . . . of the fundamental, predominating reason or reasons for the decision." Id.; see also Lanzalotti v. Lanzalotti, 41 Va. App. 550, 555, 586 S.E.2d 881, 883 (2003).

Under the circumstances of this case, the trial court failed to provide a legally sufficient explanation for its decision. The court appears to have reasoned that, because the child was not being harmed by his continued placement in his mother's care, there was no need to alter the status quo and transfer custody to father. But that is not the analysis that the statute requires. Rather, Code § 20-124.3 compels the trial court "to make a rational comparison between the circumstances of the two parents as those circumstances affect the children." Keel v. Keel, 225 Va. 606, 613, 303 S.E.2d 917, 922 (1983). Generally, this "requires an analysis to determine which parent is better qualified to provide the highest quality of care to the child and which home will provide the child with the greatest opportunity to fulfill his or her potential." Turner v. Turner, 3 Va. App. 31, 36, 348 S.E.2d 21, 23 (1986).

Accordingly, to satisfy Code § 20-124.3, the "predominating reason or reasons" described by the trial court must involve, at some level, "a rational comparison between the circumstances of the two parents as those circumstances affect the children." Keel, 255 Va. at 613, 303 S.E.2d at 922. Not just any reason will do. As we have explained, the purpose of "communicat[ing] to the parties the basis of the decision" is to inform the parties "why the [statutory] factors support the decision." Kane, 41 Va. App. at 373, 585 S.E.2d at 353. An explanation grounded in something other than the specifically delineated statutory factors fails to achieve this purpose. See id.

Here, as discussed above, the trial court stated it had "examined all the statutory factors," including "the last factor . . . which is, 'such other factors as the Court may consider.'" Then, reasoning that the child's current placement "in the physical custody of his mother" was not "harmful" or "not beneficial" to the child, the court concluded that "a change in custody" would not be in the child's "best interest at this point." This explanation does not relate to any of the applicable statutory factors, nor does it compare the relative circumstances of the parties or explain why mother "is better qualified [than father] to provide the highest quality of care to the child" and "provide the child with the greatest opportunity to fulfill his or her potential." Turner, 3 Va. App. at 36, 348 S.E.2d at 23.

We further note that, although we could likely "infer the judge's underlying reasons for his decision" from the record, this "unspoken and unwritten inference—no matter how strong—cannot substitute for what the statute requires: an express communication to the parties of the basis for the decision." Kane, 41 Va. App. at 374, 585 S.E.2d at 354. Accordingly, we reverse and remand this matter to the trial court "with instructions to provide an explanation in compliance with the statute." Lanzalotti, 41 Va. App. at 555-56, 586 S.E.2d at 883.

Reversed and remanded.