COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


DIMITRIOS S. MASTORAS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1794-07-4        JUDGE ROSEMARIE ANNUNZIATA
                                                    JUNE 10, 2008

REBECCA A. MASTORAS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

David M. Zangrilli, Jr. (Odin, Feldman & Pittleman, P.C., on briefs),
for appellant.

Mary Elizabeth White (Surovell Markle Isaacs & Levy, PLC, on
brief), for appellee.


Dimitrios S. Mastoras (father) appeals a decision of the trial court modifying the terms of

the parties' visitation schedule and denying his motion for a change in custody.  Both father and

Rebecca A. Mastoras (mother) request an award of attorney's fees expended on appeal.  For the

reasons that follow, we affirm the decision of the trial court.  We decline to award either party

attorney's fees.

Background

The parties were divorced by final decree entered on December 15, 2004.  They had one

minor child.  The parties' Custody, Support and Property Settlement Agreement ("the

agreement") dated March 5, 2004, was affirmed, ratified, and incorporated into the final divorce

decree.  Pursuant to the agreement, the parties have joint legal custody of the child.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The agreement contains a "Parenting Schedule" provision, which provides, in pertinent part: "The parties agree that the Wife shall have primary care of [the child] except for those times when [the child] is with the Husband as provided in the parenting schedule below." Paragraph 5(A)(2) provides in part: "Commencing approximately May 2, 2004 when the Husband's work schedule changes, the parties shall rearrange the above schedule so that each party has [the child] approximately fifty (50%) of the time." In addition, Paragraph 5(F), "Changes to Schedule," of the agreement states:

> In accordance with the regular schedule that will commence on approximately May 2, 2004, the Wife shall have [the child] with her approximately fifty percent (50%) of the time and the Husband shall have [the child] with him approximately fifty percent (50%) of the time. . . . In the event that the Husband's work schedule is changed or [the child] starts school, the parties agree that they shall rearrange the regular schedule, if necessary, such that each party has approximately fifty percent (50%) of the time with [the child].

In February 2007, father filed a motion to modify custody and visitation, requesting primary physical custody of the child and a change in the visitation schedule. In addition, father asked the trial court to order that the child attend school in Fairfax County. Mother filed a response to father's motion and a cross-motion for modification of visitation. Mother requested, among other things, that the trial court grant her "primary residence of" the child as contemplated by the parties in the agreement and order that the child attend school in the location of the child's primary residence. Mother also asked the trial court to modify father's visitation schedule with the child during the school year, the summer months, and holidays.

The presented evidence at a hearing held on June 18 and 19, 2007 established that mother resides in Leesburg, the father in Centreville and that the child would begin kindergarten in

September 2007. Father's evidence also established that he has remarried and that the child has a good relationship with his new wife.[1]

In the final order entered on June 26, 2007, the trial court incorporated its rulings from the bench, stating, "The transcript of the Court's ruling is attached hereto and incorporated herein, and the terms there of shall be a part of this order." The order also noted, *inter alia,* that the "precipitating factor" bringing the matter before the court was the child starting school. It further noted that the mother lives in Leesburg where "she has primary physical residence of the child" and that father lives in Centreville. It found both parties were fit parents.

Addressing the father's motion to award him primary physical custody of the child, the court interpreted the term, "primary physical residence," as used in the agreement, to mean "the primary place where a child will attend school."[2] It further found that the parties signed the agreement, knowing mother had moved to Leesburg, where the child's primary physical residence would also be located. It, therefore, concluded that the circumstances relating to where the parties had agreed the child would live and attend school had not changed. The trial court accordingly denied father's motion to award him primary physical custody and change the child's primary physical residence from Leesburg to Fairfax, as well as father's motion for an order modifying mother's visitation were primary custody to be awarded to him. The court granted mother's motion to modify father's visitation on the ground that the current schedule was no longer workable. Father appeals the trial court's decision. For the reasons that follow, we affirm.

---

[1] Father's evidence that mother is an unfit parent was not material to the court's decision since, as the court found, the allegations concerned pre-divorce instances of mother's conduct.

[2] Father's counsel conceded these facts in the trial court.

Analysis

"A trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882 (2003) (citing Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986)).

"When a trial court has entered a final custody and visitation order, it cannot be modified absent (i) a showing of changed circumstances under Code § 20-108 and (ii) proof that the child's best interests under Code § 20-124.3 will be served by the modification." Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003) (footnote omitted). See also Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983) ("[F]irst, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children."). "'Whether a change in circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence.'" Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (quoting Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986)).

The trial court's denial of father's motions to award him primary physical custody, to change the child's primary physical residence, to order the child attend school in Fairfax, and to modify mother's visitation schedule on the ground that a material change of circumstances had not occurred since the parties entered into the agreement is supported by credible evidence. Referring to the agreement as the "governing document" in determining whether a change of circumstances had occurred, the trial court underscored the fact that the parties signed the agreement, knowing mother had moved to Leesburg where she had "primary physical residence of the child," and knowing the child would start school while living with mother. Clearly, the circumstances relating to the child's primary physical residence and her expected entry into

school had not changed since the court's prior order. In the absence of a change of circumstances being proved, the trial court is without authority to modify child custody and we find that its denial of father's petition for change of custody, including the child's primary residence, her school, and her visitation schedule with mother was without error.[3]

Turning then to the court's grant of mother's motion to modify father's visitation schedule, the trial court identifies two factors as significant to its decision that a change of circumstances warranting a modification of father's visitation schedule had occurred: the child's entry into kindergarten, which it describes as the "precipitating factor which brings this matter to the Court's attention," and the location of the parents' residences. Orally addressing the time the child had been able to spend with each parent under the court's prior order, the court observed:

> It has been better for this child to be with her father than to be in day care. But that has become or is about to become history, because the child is going to be in school all day or is going to be in school and day care all day. The circumstances that have provided the genesis for this agreement [that the child will spend fifty percent of the time in the care of each parent] are in some respects simply disappearing, because as the child grows, she goes to school and/or day care, and that is going to change matters.[4]

---

[3] Although the court found that father's remarriage constituted a change in circumstances, the court concluded that the change "does not amount to a change in circumstances such as contemplated by the applicable Virginia law governing cases of this nature," a finding, by implication, that the change in father's marital status, in light of mother's fitness as a parent, was not sufficient to establish that it was in the child's best interest to award him primary physical custody and to modify the child's primary residence. We find no reversible error in these findings and rulings. Cf. Visikides, 3 Va. App. at 71-72, 348 S.E.2d at 41 (finding mother's remarriage, having another child, and ability to stay at home with the children was material change in circumstances). See also Turner v. Turner, 3 Va. App. 31, 35, 348 S.E.2d 21, 23 (1986) (first prong of Keel test met where noncustodial parent showed remarriage has stabilized, child had undergone changes and had expressed a preference in living with the noncustodial parent).

[4] Indeed, father conceded in his testimony that the schedule was no longer workable, and his counsel argued:

> There is no doubt that there has been a material change of circumstance since the final decree was entered back in December

We find that the evidence in this case supports the court's ruling that a change of circumstances occurred warranting a modification of the child's visitation schedule during the school year and leaving the summer visitation schedule intact. The difficulties of implementing an equal division of custodial and visitation time with the child once the child started school are patent, when considered in light of the distances separating the parties' residences.

Father also argues the trial court erred by failing to award him additional visitation and the trial court erred by failing to consider the Code § 20-124.3 (best interests of the child) factors. However, the trial court orally reviewed these factors at the hearing and provided a thorough analysis of its decision at the hearing. Code § 20-124.3 provides the court shall communicate the basis of its decision "either orally or in writing." Therefore, father's argument is without merit. Furthermore, both parties conceded that some of the factors were inapplicable to the case. In addition, "[t]he court, in the exercise of its sound discretion, may alter or change custody or the terms of visitation when subsequent events render such action appropriate for the child's welfare." Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986). The record supports the trial court's decision concerning the modified visitation.

Both parties request attorney's fees expended on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the entire record in this case, we hold that neither party is entitled to costs or attorney's fees in the matter. "[W]e find the litigation addressed appropriate and substantial issues . . . ." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004). Therefore, each party's request for an award of fees and costs on appeal is denied.

of '04. The first one is [the child] is about to start school. Because of the distance between the parties caused by [mother] moving to Loudoun, the current schedule just really can't work anymore.

For the above stated reasons, we affirm the decision of the trial court.

Affirmed.