COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


SARAH KATHRYN STARKEY McMURTRIE

v.       Record No. 1013-07-2

DANIEL HILLENBRAND McMURTRIE            MEMORANDUM OPINION[*] BY
                                        JUDGE RANDOLPH A. BEALES
                                        AUGUST 12, 2008
DANIEL HILLENBRAND McMURTRIE

v.       Record No. 1014-07-2

SARAH KATHRYN STARKEY McMURTRIE


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Susanne L. Shilling (Shilling & Associates, on briefs), for Sarah
Kathryn Starkey McMurtrie.

Wyatt B. Durrette, Jr. (Christine A. Williams; Halliday Moncure
Merrick; DurretteBradshaw, PLC, on briefs), for Daniel Hillenbrand
McMurtrie.


Sarah Kathryn Starkey McMurtrie (mother) and Daniel Hillenbrand McMurtrie (father) both

appeal from a final decree of divorce. Mother argues that the trial court erred in its consideration of

Code §§ 20-124.1 and 20-124.3, which resulted in the award of sole legal and primary physical

custody of the parties' children to father. Father in his cross-appeal argues that the court erred in

refusing to hear the testimony of Dr. Allison Twente, in refusing to follow all of the

recommendations in Dr. Leigh Hagan's final report, in applying Code § 20-108.1(B) to calculate

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

child support, and in refusing to deviate from the child support guidelines. Finding no error, we affirm the trial court's ruling on all issues raised here.

As this opinion is not designated for publication, and the parties are fully conversant with the facts, we have incorporated into this opinion only those facts necessary to explain the rulings herein.

This Court reviews a trial court's application of the child custody and child support statutes for abuse of discretion. See Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882-83 (2003) (discussing child custody); Ragsdale v. Ragsdale, 30 Va. App. 283, 295, 516 S.E.2d 698, 703 (1999) (discussing child support). In addition, "a trial court has broad discretion to determine the admissibility of evidence." Piatt v. Piatt, 27 Va. App. 426, 435, 499 S.E.2d 567, 571 (1998).

Mother argues that the trial court should have given more weight to factors 6, 7, and 9 in Code § 20-124.3, and father argues that the trial court should have given more weight to Dr. Hagan's recommendations regarding visitation. We find the trial court did not abuse its discretion in giving primary physical custody and sole legal custody of the four children to father and in giving mother visitation with the children for three weekends every month.

The numerous opinion letters in this record prove the trial court considered the relevant statutes and the evidence presented during several hearings. The court clearly considered factor 6, the "propensity of each parent to actively support the child's contact and relationship with the other parent," and found neither parent promoted a relationship between the children and the other parent. The court also considered factor 7, the "relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child." The court found both parents had worked to maintain and/or improve their relationships with the

children, but also found the parents could not cooperate with each other to resolve disputes involving the children. The court also considered factor 9, "[a]ny history of family abuse," finding one incident of family abuse, but concluding no history of abuse, as alleged by mother, had occurred.

While mother argues that the court should have weighed the evidence and the factors differently, the trial court did not abuse its discretion in awarding custody to father. The evidence in the record supports the trial court's determination that father was the better custodian. Dr. Hagan, who the parties hired as an independent expert and who had the greatest access to information on both the parents and the children, recommended that father have custody of the children. Although mother attempted to impeach his expert opinion, her witnesses had only talked to mother, and Dr. Hagan rebutted their criticisms of his reports. Also, given the parties' inability to work together, the trial court did not abuse its discretion by awarding sole legal custody to father.

Father argues that the trial court erred in deviating from Dr. Hagan's recommendation that mother's visitation be reduced from three weekends a month to two weekends a month. However, as Dr. Hagan repeatedly testified, he was not the judge in this case, but was only making recommendations and giving options. The trial court was responsible for resolving the ultimate issues, such as the custody arrangements, not the expert. See Bond v. Commonwealth, 226 Va. 534, 538-39, 311 S.E.2d 769, 771-72 (1984) (explaining that, *inter alia*, while an expert can express an opinion, the ultimate decision belongs to the trier of fact). The trial court did not err in allowing mother three weekends a month with the children, especially as the children appeared to do well under this visitation arrangement while the divorce was pending, and, as noted, such a decision rests within the discretion of the trial court. That discretion was not abused here.

Father also argues that the trial court abused its discretion in refusing to allow Dr. Twente to testify about her concerns regarding custody and visitation. Dr. Twente worked with the family during the pendency of the divorce, on the recommendation of Dr. Hagan. Dr. Hagan suggested, when he made that recommendation, that the parties not be allowed to subpoena her records nor be allowed to take her deposition. He pointed out that, as the doctor who was actively counseling all members of the family, disclosure of her opinions would undermine her effectiveness. Instead, Dr. Twente expressed her concerns to Dr. Hagan, who then took those concerns into account when he presented his final report to the court. Given the concerns that the trial court had to balance here, we find the trial court did not err in excluding Dr. Twente's testimony.

Father's remaining arguments concern the calculation of child support.[1] He argues that mother has significantly more income than the figure that the court used in calculating the guidelines. He also argues that the court should have deviated from the guidelines given the extra expense of the children's education.[2]

---

[1] Mother argues that father did not provide all of the transcripts pertaining to this issue, as the transcripts of her experts' testimony were not timely filed, so his appeal from the determination of child support should not be considered by this Court. See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) ("The burden is with appellant to submit to the appellate court a record that enables the court to determine whether there has been an abuse of trial court discretion."). We find the record on appeal contains sufficient information to review the issue raised on appeal by father -- mother's income figure as used to determine child support. The missing testimony, according to mother's representations on appeal, related to father's income, not mother's income. The record before us contains sufficient information to support the trial court's ruling on mother's income, as discussed *infra*.

[2] Father also argued on brief that the trial court erred by ordering that he be responsible for all of the children's unreimbursed medical expenses, effectively ignoring Code § 20-108.2(D). However, this issue is not included in his Question Presented, which specifically asks this Court to consider the application of Code § 20-108.1, not Code § 20-108.2. In addition, father did not include this objection in his written Objections to Final Decree of Divorce nor can we find where in the transcripts father asked the trial court to reconsider its ruling on medical expenses in light of Code § 20-108.2. See Rules 5A:18, 5A:20(c).

Mother's most recent tax return supports the trial court's finding regarding her current income. While the record contains evidence that mother spent significantly more than her reported income and that she had more income in previous years, the evidence does not prove that mother actually received the interest income from a promissory note, as father argues she did. The promissory note itself states that this interest accrues, and that document also indicates that the interest would not be paid out to her before the property subject to the promissory note was sold. As nothing in the record suggests that the property was sold, the trial court did not err by basing its calculations of mother's current income on her most recent tax return.

Father also fails to prove that the trial court erred by refusing to deviate from the child support guidelines to take into account the cost of private schools for the children. He states that the trial court justified this refusal by finding mother "has had minimal input into the selection of private schools." However, the court's opinion letter explicitly reviewed each of the fourteen factors in Code § 20-108.1(B), the subsection that regulates deviation from the child support guidelines. As it considered the appropriate law and evidence, we cannot find the trial court abused its discretion in denying father's request for a deviation.

Both parties request an award of appellate attorney's fees and costs. Neither party prevailed on all issues on appeal, and we deny both requests.

In summary, the trial court did not abuse its discretion in refusing to allow Dr. Twente to testify. The evidence in the record supports the child custody and child support decisions of the trial court. Therefore, for the foregoing reasons, we affirm the trial court's award of sole legal and primary physical custody to father and its award of three weekends of visitation per month to mother, as well as its decision on child support.

Affirmed.