COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Powell and Alston
Argued at Chesapeake, Virginia


DWAIN ALEXANDER, II

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1680-09-1                CHIEF JUDGE WALTER S. FELTON, JR.
                                                        FEBRUARY 23, 2010
MONIQUE ALLEN


             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Louis R. Lerner, Judge

         Kenneth B. Murov for appellant.

         Roy H. Lasris (Roy H. Lasris & Associates, P.C., on brief), for
         appellee.


        Dwain Alexander, II ("father") appeals an order of the Circuit Court of the City of Hampton

("trial court") awarding joint legal custody of A.B. to father and mother, Monique Allen ("mother").

Father argues that the trial court erred in (1) failing to communicate the basis of its decision as

required by Code § 20-124.3; (2) failing to follow the guardian *ad litem's* recommendations;

(3) failing to consider that he would be unable to exercise his visitation rights without interfering

with A.B.'s education; and (4) denying his motion to vacate the order of April 22, 2009 and to

reconsider its custody and visitation decision. Father also seeks an award of attorney's fees on

appeal. On brief and at oral argument, mother conceded that the trial court failed to comply with

Code § 20-124.3. We conclude from our review of the record on appeal that the trial court failed to

comply with Code § 20-124.3 in communicating the basis of its custody and visitation decision to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the parties.[1]  Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## I.  ANALYSIS

Because the parties are fully conversant with the record in this case, we recite only those facts and incidents of the proceedings as are necessary to the analysis.  Mother and father, who were engaged but never married, are the parents of A.B., age four at the time of the trial court proceeding.  On January 28, 2009, the trial court conducted a *de novo* custody and visitation hearing relating to A.B.  It heard testimony from the parties and the child's court-appointed guardian *ad litem*.  Both parties submitted proffers addressing their individual views of the best interests of A.B.  The trial court announced its decision regarding A.B.'s custody and visitation in an opinion letter dated January 30, 2009, which provided:

> [A]fter considering the mandatory previsions [sic] of [Code
> §] 20-124.3 . . . and after considering the testimonies of the
> witnesses, the parties, the recommendation of the guardian ad litem
> and the best interest of the child, the Court does Order that the joint
> legal custody of the child shall be with the father . . . and the mother.

The trial court awarded each parent alternating physical custody of A.B., with the non-custodial parent awarded visitation days, until June 30, 2010, when physical custody would remain with mother.  The trial court entered its final order regarding custody and visitation on April 22, 2009.

On April 30, 2009, father moved to vacate the April 22, 2009 order and asked the trial court to reconsider its custody and visitation award.  After hearing from the parties, the trial court denied father's motion.  This appeal followed.

---

[1] Because "an appellate court decides cases 'on the best and narrowest ground available,'" we need not decide the remaining questions presented in this case. Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (en banc) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)).

A.  Code § 20-124.3

Father asserts on appeal, and mother concedes, that the trial court erred by not communicating the basis of its custody and visitation award of A.B. to the parties as required by Code § 20-124.3.  We agree.

"Code § 20-124.3 lists ten factors a trial court must consider when deciding the best interests of a child for determining custody and visitation of a child.  The statute concludes by directing that the trial court 'communicate to the parties the basis of [its] decision either orally or in writing.'"  Artis v. Jones, 52 Va. App. 356, 363, 663 S.E.2d 521, 524 (2008) (quoting Code § 20-124.3).

> While communicating the "basis" of the decision does not rise to the level of providing comprehensive findings of fact and conclusions of law, it does mean that the trial court must provide more to the parties than boilerplate language or a perfunctory statement that the statutory factors have been considered.  "The trial court must provide a case-specific explanation (one that finds its contextual meaning from the evidence before the court) of the fundamental, predominating reason or reasons for the decision."  The statute requires "an express *communication* to the parties of the basis for the decision."

Lanzalotti v. Lanzalotti, 41 Va. App. 550, 555, 586 S.E.2d 881, 883 (2003) (quoting Kane v. Szymczak, 41 Va. App. 365, 373, 585 S.E.2d 349, 353 (2003)).

Applying this standard, we hold the trial court's statement, "after considering the mandatory previsions [sic] of [Code §] 20-124.3 . . . and after considering the testimonies of the witnesses, the parties, the recommendation of the guardian ad litem and the best interest of the child," failed to meet the requirements of Code § 20-124.3 requiring it to provide case specific reasons for its custody and visitation award.  Accordingly, we reverse the trial court's judgment awarding custody and visitation of A.B., and remand for the trial court to comply with Code § 20-124.3 based on the record existing at the time of its final order.  Artis, 52 Va. App. at

365-66, 663 S.E.2d at 525; <u>Robinson v. Robinson</u>, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007).

## B.  Attorney's Fees

Father also seeks an award of his attorney's fees.

> "The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment."

<u>Rice v. Rice</u>, 49 Va. App. 192, 204, 638 S.E.2d 702, 707 (2006) (quoting <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996)).  After review of the entire record, we decline to award attorney's fees on appeal.

## II.  CONCLUSION

For the reasons set forth above, we reverse the trial court's custody and visitation award relating to A.B. and remand to the trial court for its compliance with Code § 20-124.3 based on the existing record.

<u>Reversed and remanded.</u>