COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McCullough and Senior Judge Annunziata
Argued at Alexandria, Virginia


JOSEPH P. CRAVEN

MEMORANDUM OPINION[*] BY
v.        Record No. 1023-11-4                        JUDGE ROBERT P. FRANK
                                                      JANUARY 10, 2012
DEENA S. WILLIAMSON


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

Melinda L. VanLowe (Greenspun Shapiro, P.C., on briefs), for
appellant.

James Ray Cottrell (Christopher Wm. Schinstock; Cottrell, Fletcher,
Schinstock, Bartol & Cottrell, on brief), for appellee.


Joseph P. Craven, appellant/father, appeals a visitation order entered April 25, 2011.  On

appeal, he contends the trial court erred in denying him visitation for the month of August, in failing

to provide a legal or factual basis for its decision, and in failing to grant his motion for clarification.

For the reasons stated, we affirm the trial court.

BACKGROUND[1]

On March 31, 2009, father and Deena S. Williamson, appellee/mother, entered into a

"Parenting Agreement" setting forth custody and visitation, including a detailed visitation schedule

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mother, in her brief, asks that the appeal be dismissed under Rule 5A:8(b)(4)(ii) for failure "to ensure the record contains transcripts . . . necessary to permit resolution of appellate issues . . . ."  However, the trial court's final decree dated April 25, 2011 states, "the Court having made detailed findings from the bench on March 14, 2011 concerning the child custody factors set forth in Virginia Code § 20-124.3, said findings attached hereto as Exhibit A and incorporated herein *in haec verba . . . .*"  Because the rulings from the bench, being incorporated by order, provide sufficient facts to address the assignments of error, we will not dismiss the appeal.

for their four children.  However, the parties could not decide on a summer visitation schedule, with that issue to be submitted to the circuit court if no decision could be reached by a date certain.

The parties were divorced by final decree entered November 18, 2009, which incorporated by reference the Parenting Agreement.

On September 22, 2010, mother filed a twelve-page petition for change of custody and visitation, praying for sole custody of the children and supervised visitation for father.  After a four-day hearing, the trial court established a visitation schedule and explained the basis of his decision by addressing each of the ten factors of Code § 20-124.3.  Of particular importance are factors two, three, four, and nine.[2]

Under factor two, age, physical and mental conditions of each parent, the trial court indicated it considered the anger father exhibits towards the children.

As to factor three, relationship between each parent and child, the trial court found that generally father has a good relationship with all of the children, except K., who refuses to visit with father.  There is some evidence the children are uncomfortable with father when he raises his voice and gets angry.  The trial court indicated father's weakest area in relating to the children is his emotional responses to the children.

The trial court referred to an incident in July 2010, where one of the children said "my father stomped on me" or "my father stepped on me when he was angry," requiring intervention by Child Protective Services.  Father's visitation was terminated for a period of time.[3]

---

[2] Father contends when analyzing factors two, three, four, and nine the court made no finding father abused the children.

[3] While mother recites in detail as to the injury and Child Protective Services intervention, none of those recitations are in the appellate record.  Mother refers to the trial transcript, but gives no page references.  Mother has the responsibility to provide this Court with an adequate record of the trial proceedings to enable us to reasonably understand her position and the underlying facts upon which her contention is based.  <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  An appellate court does not have the

The court further discussed each parent's ability to meet the emotional, intellectual, and physical needs of the children, noting that father's ability "breaks down when it has to interface with the mother's." The trial court then addressed factor four, the needs of the children and their other important relationships. The trial court opined it is not in K.'s best interest, at this time, to have a relationship with father, recommending therapy for her.

As to factor nine, family abuse, the court considered that there was "some testimony . . . of the father losing his temper and raising his voice." However, evidence also indicated father had been with the children without incident.[4]

The trial court found a material change in circumstances, i.e., that Child Protective Services determined that father abused one of the children, based upon statements of the children that father stepped on them. One child was seriously hurt while in the care of the father and as a result of that incident, the children are afraid of him. The court ordered father into anger management counseling.

The court ordered summer visitation as follows:

> In the summer: the father will exercise four weeks in the summer, and it'll be broken down into four one-week periods, beginning the second Monday in June, the fourth Monday in June, the second Monday of July, and the fourth Monday in July. And the visitation will run from 9:00 a.m., Monday, to 6:00 p.m., Sunday. This visitation provision overrides any other provisions of visitation that you may have in the agreement.

After the court announced the summer schedule, father's counsel asked that the court repeat the ruling. The court replied, "Four weeks: second Monday in June, fourth Monday in June, second Monday in July and fourth Monday in July." The court also confirmed mother "has

---

responsibility of scouring the record to understand the facts necessary to support a party's legal position. Id.

[4] We note that generally, the trial court found father to be concerned for the children and is very committed to them.

them all other times in the summer." The court entered a written decree on April 25, 2011 confirming its oral pronouncement, which, *inter alia*, awarded four weeks visitation to father without any mention of the specific number of weeks to mother.

Father filed a "Motion for Clarification" on April 15, 2011, asking, *inter alia*, the trial court to clarify how the summer would be divided between the parents. Father claimed the court's earlier statement that "it should be four weeks with the father and I think it'll be five to five and a half weeks for the mother" is inconsistent with the actual ruling, giving mother eight to nine weeks.[5] At the hearing on the motion, the trial court characterized the motion as one for reconsideration, not for clarification, and there was nothing to reconsider. The court denied the motion, making it clear that it had awarded father four weeks summer visitation, and characterizing his earlier statement that mother would have five to five and a half weeks as "dicta."[6]

This appeal follows.

ANALYSIS

Visitation

Appellant contends the trial court abused its discretion in denying him visitation for the month of August. He argues that the trial court's considerations and findings of facts pursuant to

---

[5] Settled principles provide that "[a] court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997); see also Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979) (holding that when a court's statements from the bench conflict with its written order, the order controls). Therefore, any inconsistency perceived between the oral pronouncement and the written order is resolved in favor of the written order.

[6] *Dicta* generally refers to "that portion of an opinion 'not essential' to the disposition in the case." Newman v. Newman, 42 Va. App. 557, 565, 593 S.E.2d 533, 537 (2004) (*en banc*) (quoting Cent. Green Co. v. United States, 531 U.S. 425, 431 (2001)). While not technically dicta, the trial court made it clear that statement was not part of its ruling.

- 4 -

Code § 20-124.3 do not support a conclusion that appellant should have no visitation with his children for an entire month each year.

Code § 20-124.3 lists ten factors a trial court must consider when deciding the best interests of a child for determining custody and visitation of a child. Artis v. Jones, 52 Va. App. 356, 363, 663 S.E.2d 521, 524 (2008). The statute concludes by directing that the trial court "communicate to the parties the basis of [its] decision either orally or in writing." This Court has interpreted this statute as "requir[ing] the trial court to identify the fundamental, predominating reason or reasons underlying its decision." Kane v. Szymczak, 41 Va. App. 365, 372-73, 585 S.E.2d 349, 353 (2003). "While communicating the 'basis' of the decision does not rise to the level of providing comprehensive findings of fact and conclusions of law, it does mean that the trial court must provide more to the parties than boilerplate language or a perfunctory statement that the statutory factors have been considered." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 555, 586 S.E.2d 881, 883 (2003). A court "'is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Id.

Where the court hears evidence *ore tenus*, its findings are entitled to the weight of a jury verdict, and they will not be disturbed on appeal unless plainly wrong or without evidence to support them. Rice v. Rice, 49 Va. App. 192, 201, 638 S.E.2d 702, 707 (2006). Moreover, it is well established that "[o]n appeal, we view the evidence in the light most favorable to the prevailing party, granting that party the benefit of any reasonable inferences." Denise v. Tencer, 46 Va. App. 372, 397, 617 S.E.2d 413, 426 (2005).

Here, the trial court expressly and painstakingly addressed each of the factors contained in Code § 20-124.3 in awarding visitation. Of particular consideration, the court elaborated on the importance of factors two, three, four, and nine, and determined that it was in the children's best interests for father to have four weeks visitation with them during the summer and to have no contact with them in August. While the father may be dissatisfied with the court's decision, he has not demonstrated how the court abused its discretion in fashioning its visitation schedule.

## Motion for Clarification

Appellant argues the trial court erred in denying his motion for clarification. He contends that because the trial court made an inconsistent ruling, clarification was warranted. We disagree with the father.

In denying the motion, the trial court stated, "I have reviewed both of those pleadings carefully. In my judgment, the motion for clarification is a motion for reconsideration with a different title." The trial court could not have been clearer in stating its ruling that the father is to receive four weeks of visitation during the summer. The court repeated its ruling twice in response to father's questions during the March 14 hearing. The court again explicitly stated at the March 22 hearing that father is to receive four weeks of visitation during the summer. Thus, the court's ruling was unambiguous and did not need clarification. The court properly denied father's motion.

## Attorney's Fees on Appeal

Mother asks for attorney's fees and costs incurred in connection with this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Having reviewed and considered the entire record in this case, we find husband's appeal is frivolous and without merit. We hold that mother is entitled to reasonable attorney's fees and costs. Accordingly, we remand and direct the trial court to award mother the reasonable attorney' s fees she incurred in defending this appeal, as well as any attorney's fees incurred by her on remand to determine such fees. See Miller v. Cox, 44 Va. App. 674, 688, 607 S.E.2d 126, 133 (2005).

## CONCLUSION

For the reasons stated herein, the decision of the trial court is affirmed. We remand to the trial court for an award of attorney's fees.

Affirmed and remanded.