COURT OF APPEALS OF VIRGINIA

Present:   Judges Ortiz, Chaney and Senior Judge Haley
Argued at Richmond, Virginia

**PUBLISHED**

SIDNEY JORDAN BRANDON, III

OPINION BY
v.        Record No. 0440-22-2                    JUDGE DANIEL E. ORTIZ
                                                  MAY 16, 2023
LAURIE COFFEY

FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
Carson E. Saunders, Jr., Judge

John S. Koehler (The Law Office of James Steele, PLLC, on brief),
for appellant.

Carl J. Witmeyer, II (The Witmeyer Law Firm LLC, on brief), for
appellee.

When granting primary physical custody to a parent in an initial custody determination, the

trial court need not separately determine whether living out-of-state is in the best interests of the

child, if the prospective custodial parent already lives out of state.  In other words, if the trial court

properly conducts a best interests of the child analysis, pursuant to Code § 20-124.3, when awarding

primary physical custody to an out-of-state parent, its analysis is satisfactory.  Here, in an initial

custody determination, the Brunswick County Circuit Court awarded primary physical custody of

the minor child to Laurie Coffey, the mother, at Coffey's domicile in New York.  On appeal, Sidney

Jordan Brandon, III, the father, argues that the trial court erred because it failed to make an express

finding that relocating the child from Virginia to New York was in the child's best interest.  Because

the trial court properly considered the best interests of the child in moving to New York when it awarded primary physical custody in the initial custody matter, we find no error and affirm.[1]

BACKGROUND[2]

Brandon and Coffey have a twelve-year-old child in common. Although the parties did not marry or have a formal custody agreement, the child lived with Coffey from birth until ten years old by joint agreement. Because Coffey was an officer in the Navy, the child lived in various places, including Virginia, Maryland, and Italy. Brandon lived separately—in Dundas, Virginia—for the child's entire life.

In June 2019, Coffey retired from the Navy and accepted a job offer in England. Coffey applied for a student visa for the child, with Brandon's consent. In support of this visa, Brandon executed a declaration stating that the child had lived with the mother "[h]er whole life" and that it was "impossible and unacceptable [t]o separate them." Due to a delay in processing the child's visa, the parties agreed that the child would live with Brandon until May 2020. Coffey moved to England alone in October 2019, while the child moved temporarily to Dundas with Brandon.

In February 2020, Brandon told Coffey that "it would be nice if . . . [the child] could stay here" and asked her to keep the child enrolled in school in Virginia. Coffey reminded Brandon that they agreed the child would move to England after her school year and stated that she had already

---

[1] We grant Brandon's motion to amend his original notice of appeal to include notice to the child's guardian ad litem and accept his "Revised Notice of Appeal." Despite notice of the appeal, the guardian ad litem has not filed a brief or joined in the brief of either party.

[2] This record was sealed. This appeal necessitates unsealing relevant portions of the record to resolve the issues raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. "To the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

enrolled the child in an English private school. In May 2020, Coffey asked Brandon when the child was coming to England; Brandon responded by asking for Coffey's address, which she provided.

On June 5, 2020, Brandon filed a petition seeking custody and visitation in the Juvenile and Domestic Relations District ("J&DR") Court of Brunswick County. Coffey cross-petitioned for the same relief. While the petitions were pending, Brandon refused to allow Coffey visitation until December 2020, when the J&DR court awarded Coffey temporary visitation. Brandon told Coffey that she could have custody if she "moved back" to "the East Coast." In June 2020, Coffey resigned from her job and moved to New York. On April 1, 2021, the J&DR court awarded Brandon sole legal/primary physical custody. Coffey appealed.

On appeal, the circuit court heard that the child spent her first ten years with Coffey, by agreement. It also heard that both parents have succeeded at addressing the child's physical and intellectual needs but have failed to meet the child's emotional needs.[3] Coffey testified that she

---

[3] The trial court found that:

> the parents ha[ve] a very good relationship with [the child] and . . . have had positive involvement in [the child's] life. Both parents have demonstrated an ability to access and meet her intellectual and physical needs . . . . As to accurately assessing and meeting the emotional needs of [the child], this Court has some concerns. There was a great deal of testimony about [Coffey] putting the needs of [the child] first . . . . However, the evidence convinced this Court that [Coffey] discusses issues with [Brandon] at times with [the child] present, placing [the child] in the middle . . . which this Court does not find to be in her best interest and causes concern . . . . As to [Brandon's] ability to accurately assess and meet [the child's] emotional needs, the Court finds that [Brandon] has failed, as he let his own interest prevail over hers . . . . It was initially planned for [the child] to live in England with mother, which was fully supported by [Brandon] . . . [but a]t some point, [Brandon] determined that he believed it in [the child's] best interest to remain with him . . . . As a result, [Brandon] blocked [the child] from visiting [Coffey] for a period of nine months, though she had lived with her mother for the ten years of her life . . . . [B]locking this ten-year-old child . . . from seeing her mother . . . for a nine-month period of time . . . demonstrates that

moved to her hometown in New York for the child's benefit, as Coffey's family and support system lived there, that she had purchased a home there, and that she had various sources of income, including retirement income. Brandon testified that the child was "thriving" in Virginia, that his family had lived in Dundas for four generations, and that the child had friends and family in Virginia. He argued that Coffey was "unstable" because she had moved to New York and did not consider "where [the child's] life" would be in doing so.

The circuit court awarded joint legal custody and primary physical custody to Coffey. In a letter opinion, the circuit court reviewed the factors of Code § 20-124.3. Although it noted that both parents had a "very good" relationship with the child, its decision was heavily influenced by factors (3), (6), and (10):

> 3. The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual, and physical needs of the child . . .
>
> 6. The propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child . . . [and]
>
> 10. Such other factors as the court deems necessary and proper . . . .

Code § 20-124.3. Specifically, the circuit court found that: Brandon had a more limited relationship with the child, Brandon had prevented Coffey from visiting the child, the child had developed issues at school since living with Brandon, Coffey had never prevented Brandon from visiting the child—and had, in fact, "always actively supported the child's contact with father"—and the child appeared

---

[Brandon] failed to accurately assess and meet the emotional needs of the child. [Brandon] has attempted to meet other emotional needs through medical care and counseling for which he is to be commended.

- 4 -

to "always c[o]me first" in Coffey's life.  On February 25, 2022, the circuit court entered a final order in accordance with its written opinion.  This appeal followed.

STANDARD OF REVIEW

Custody and visitation matters are reviewed for abuse of discretion.  *Rainey v. Rainey*, 74 Va. App. 359, 376 (2022).  A trial court abuses its discretion by making an error of law, ignoring "a relevant factor that should have been given significant weight," "giving significant weight to an irrelevant or improper factor," or "committing a clear error of judgment, even while weighing 'all proper factors.'"  *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)).  "The trial court's decision on factual issues is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it."  *Rainey*, 74 Va. App. at 377 (quoting *Lanzalotti v. Lanzalotti*, 41 Va. App. 550, 554 (2003)).  "So 'long as the evidence in the record supports' the circuit court's determination and it 'has not abused its discretion, its ruling must be affirmed on appeal.'"  *Id.* (quoting *Kane v. Szymczak*, 41 Va. App. 365, 372-73 (2003)).  "On appeal, we view the evidence 'in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom'"—here, Coffey.  *Bedell v. Price*, 70 Va. App. 497, 500-01 (2019) (quoting *Bristol Dep't of Soc. Servs. v. Welch*, 64 Va. App. 34, 40 (2014)).

ANALYSIS

On appeal, Brandon argues that any initial custody determination involving removing a child from the Commonwealth must include an express, written finding that such removal is in the child's best interest under Code §§ 20-124.3, -124.5.  He argues that the circuit court's "fail[ure] to make express findings" regarding the child's "relocation" from Virginia to New York thus mandates reversal.  Because Virginia law does not require a relocation analysis in initial custody matters, Brandon's argument fails.

"In child custody cases, Code § 20-124.2 provides that 'the court shall give primary consideration to the best interests of the child.'" *Rainey*, 74 Va. App. at 379; Code § 20-124.2. "In turn, Code § 20-124.3 lists ten factors that the court 'shall consider' in determining a child's best interests." *Id.*; Code § 20-124.3. Consideration of these factors is mandatory. *See Wynnycky v. Kozel*, 71 Va. App. 177, 201 (2019). Finally, Code § 20-124.3 states that the judge "shall communicate to the parties the basis of the decision either orally or in writing." Code § 20-124.3.

Even though "a circuit court must consider the statutory factors found in Code § 20-124.3, it determines how to weigh those factors and 'is not "required to quantify or elaborate exactly what weight or consideration it has given to each."'" *Wynnycky*, 71 Va. App. at 201 (quoting *Brown v. Brown*, 30 Va. App. 532, 538 (1999)). In other words, "Code § 20-124.3 'requires the trial court to identify the fundamental, predominating reason or reasons underlying its decision'" and requires the trial court to "provide a case-specific explanation . . . of the fundamental, predominating reason or reasons for the decision.'" *Rainey*, 74 Va. App. at 379 (quoting *Kane*, 41 Va. App. at 372-73). "This obligation cannot be met with a general statement . . . but must identify the reasons why the statutory factors of Code § 20-124.3 support its decision." *Id.* at 380.

Although Brandon argues that any initial custody determination involving removal of the child from the Commonwealth must include an express, written finding that such removal is in the child's best interest,[4] this contention is unsupported by Virginia law. Code §§ 20-124.2, -124.3, and -124.5 do not require a relocation analysis for initial custody determinations. And we have rejected similar arguments in two cases, *de Haan v. de Haan*, 54 Va. App. 428 (2009), and *Petry v. Petry*, 41 Va. App. 782 (2003).

---

[4] Brandon does not challenge the sufficiency of the evidence and concedes that "he would not have been able to assert a serious challenge" to Coffey's primary physical custody award.

In *de Haan*, we stated that "when a trial court evaluates relocation for the first time in the initial custody order, it need only consider the best interests of the children, which is the test regularly used to determine custody." *de Haan*, 54 Va. App. at 446 n.12. In such cases, we expressly found that "a separate decision on relocation [is] unnecessary." *Id.* at 446. In *Petry*, we similarly stated:

> No Virginia statute specifically addresses relocation of a custodial parent . . . . [T]he relocation issue is best understood under traditional constructs governing custody and visitation. When a trial court has entered a final custody . . . order, it cannot be modified absent (i) a showing of changed circumstances under Code § 20-108 and (ii) proof that the child's best interests under Code § 20-124.3 will be served by the modification. *When no such order has been issued, the court must only examine the best interests question*.

*Petry*, 41 Va. App. at 789-90 (emphasis added).

In both *de Haan* and *Petry*, the relocating parent had not yet moved when their custody matters were heard.[5] *Id.* at 788; *de Haan*, 54 Va. App. at 433. Nevertheless, in both cases we held that the circuit court need only examine the best interests of the child. *Petry*, 41 Va. App. at 790; *de Haan*, 54 Va. App. at 446 n.12. And in *de Haan*, we emphasized that a separate relocation analysis was "unnecessary." *de Haan*, 54 Va. App. at 446. Here, by contrast, Coffey had *already* moved to New York and had never lived in Dundas. Thus, this case is even more clear-cut than *de Haan* and *Petry*. A relocation analysis of this matter is not required, as Coffey and the child never *re*located. Instead, the trial court decided as an initial matter where the child would reside.

Upon review of the record, we are satisfied that the circuit court properly considered the best interests of the child when awarding joint legal custody and primary physical custody to Coffey. The circuit court's letter opinion not only addressed each factor under Code § 20-124.3, but it also identified which factors weighed "the heaviest" in support of its determination of the best interests

_____

[5] The parents in *de Haan* and *Petry* moved to Virginia Beach and New York, respectively.

of the child. Specifically, it found that Brandon had prevented the child from seeing Coffey, with whom she had lived since birth, but that Coffey had "always actively supported" visitation between Brandon and the child. It also found that the child had developed school-related issues since she began living with Brandon, which were not present when she lived with Coffey. As such, the circuit court's opinion complied with the requirements of Code § 20-124.3, and the record supports its decision to award primary physical custody to Coffey.

Finally, Coffey requests her attorney fees and costs incurred in this appeal. *See O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "This Court has discretion to grant or deny attorney's fees incurred on appeal." *Stark v. Dinarany*, 73 Va. App. 733, 757 (2021). "In making such a determination, the Court considers all the equities of the case." *Id.*; *see* Rule 5A:30(b)(3). Having considered the entire record, we deny Coffey's request for her reasonable attorney fees in arguing this appeal.

## CONCLUSION

For the above reasons, the circuit court's judgment is affirmed.

*Affirmed.*