**Alexandria**

TRIANTAFILLOS VISIKIDES

v.

MELANIE DERR (VISIKIDES)

No. 0768-85

Decided September 2, 1986

COUNSEL

David L. Duff (Conner, Duff & Cyron, on briefs), for appellant.

Richard H. Boatwright (Stephens, Boatwright & Howard, on brief), for appellee.

OPINION

MOON, J. — Triantafillos Visikides seeks reversal of an order that transferred the custody of his six year old child to the mother, Melanie Derr (Visikides). He contends that there was no proof of a material change of circumstances and that the trial court erroneously applied a "tender years inference" in favor of the mother. We reverse because the tender years inference has been abolished by statute. Code § 31-15.

A trial court, in determining whether a change of custody should be made, must apply a two-pronged test: (1) whether there has been a change in circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child. *Keel v. Keel*, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983). Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence. *See Moyer v. Moyer*, 206 Va.

899, 904, 147 S.E.2d 148, 152 (1966). A change in circumstances may take the form of a negative change with regard to the custodial parent's ability to care for the child, but "[i]t is also pertinent whether there has been a positive change in the circumstances surrounding the noncustodial parent." *Keel*, 225 Va. at 610, 303 S.E.2d at 920. However, even if there has been a change in circumstances, "there can be no change in custody unless such change will be in the best interests of the children. The second prong, then, is clearly the most important part of the two-part test." *Id.* at 612, 303 S.E.2d at 921.

The Visikides were married for three years before they divorced in 1983, at which time their only child was three years old. By agreement, custody was awarded to the father. He managed a restaurant in which his wife was employed as a waitress. The divorce required the wife to seek new employment and she agreed that her new living arrangements and employment were not satisfactory for her to have custody. However, she maintained a responsible and loving relationship with the child. When the child was seriously ill and hospitalized, she quit her job to be with him. Before this change of custody hearing, the mother married the man with whom she had lived for a number of years after her marriage with Mr. Visikides broke up. She has since had a child by her second husband and she testified that she can now remain at home with both children. The court found the mother's new home to be suitable and adequate for raising a child if she was awarded custody. There were no substantial negative changes with regard to the father, although he had a frequent change of relatives in the home to help him care for the child.

Under the facts summarized above, we hold that the evidence supported a finding of a sufficient material change in the mother's circumstances, satisfying the first prong of the test, which allowed the trial court to decide if a change of custody was in the best interests of the child. *Keel*, 225 Va. at 611, 303 S.E.2d at 921.

Mr. Visikides argues that the change in the mother's circumstances was not material enough to justify a change of custody when there were no substantial negative changes in his circumstances and when the evidence showed the child to be doing very well with him. We do not decide whether the custody should have been changed, a question of fact, but only if there was credible evidence to support the factual finding that a change of circum-

stances existed, thus allowing the trial court to consider the second prong of the test.

■ Next we turn to the so-called "tender years inference" in favor of the mother. In considering the best interests of the child, the trial court stated that, all things being equal, the court could rely upon such an inference. We disagree. Prior to its 1983 amendment, Code § 31-15 stated that when a trial court awarded custody of a child to one parent, "there shall be no presumption of law in favor of either" parent. The Supreme Court of Virginia, interpreting this statute in 1982, stated "that the 'tender years' maxim 'is no more than a permissible and rebuttable inference,' not a rule of law." *Durrette v. Durrette*, 223 Va. 328, 332, 288 S.E.2d 432, 434 (1982). The following year, the General Assembly amended Code § 31-15 to read, in part:

> [T]he court . . . in awarding the custody of the child to either parent or to some other person, shall give primary consideration to the welfare of the child, and as between parents there shall be no presumption *or inference* of law in favor of either.

(emphasis added).

It is clear that any use of such an inference in determining what is in the best interests of the child is reversible error.

Therefore, the judgment appealed from is reversed and the case is remanded for a new hearing upon principles not inconsistent with this opinion.

*Reversed and remanded.*

Benton, J., and Keenan, J., concurred.