COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Annunziata


JOHN BROOKE, JR.

v.   Record No. 1874-94-3                    MEMORANDUM OPINION*
                                                  PER CURIAM
TERRY YOUNG WILLIS                            JULY 18, 1995


                                        FROM THE CIRCUIT COURT OF
THE CITY OF SALEM
                        G. O. Clemens, Judge

          (John Brooke, Jr., pro se, on brief).

          No brief for appellee.



     John Brooke (father) appeals the decision of the circuit

court denying his request for sole custody of his daughter.  Upon

reviewing the record and father's opening brief, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.[1]

---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]In father's Statement of the Questions Presented and in his
Opening Brief, father seeks the following relief in addition to
his request for sole custody of his absent daughter:

     (1)  that a felony warrant be issued for mother;

     (2)  that this Court order an entry into the
     "N.C.I.C.";

     (3)  that the Federal Bureau of Investigation be asked
     to assist father finding mother and the parties' child;

     (4)  that father and the parties' child each be awarded
     $100,000,000 in compensatory damages from the
     Commonwealth of Virginia, for physical and economic
     harm caused by mother and the Virginia courts and
     government; and

As the party seeking a change in custody, father had "'the burden of proving, by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree.'" Ohlen v. Shively, 16 Va. App. 419, 424, 430 S.E.559, 561 (1993) (citation omitted).  "However, even if there has been a change in circumstances, 'there can be no change in custody unless such change will be in the best interests of the children.'"  Visikides v. Derr, 3 Va. App. 69, 71, 348 S.E.2d 40, 41 (1986) (citation omitted).

> In matters of custody . . . the court's paramount concern is always the best interests of the child. . . . In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.  A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

The record indicates that the circuit court has an outstanding capias for the arrest of Terry Young Willis (mother),

---

(5)  that this Court enter an order stating father "[h]as not violated any family law court order of any state and [h]as not committed any crime in regards to any family court order of any state."

We either lack jurisdiction to entertain these issues, see Code § 17-116.05, or, where we have jurisdiction, we cannot say that the trial court erred in denying the relief sought by father.

who has custody of the parties' ten-year-old child.  The trial court, however, denied father's request for an order of sole custody stating, in part:

> I'm not so sure that I'm not . . . that I or another judge, whoever it might be, listening to the whole scenario of things would not feel like that [mother's] actions maybe do not make her a fit mother or a fit parent. On the other hand, even if that were the situation, I'm not sure that you would be given sole custody.  This child has not lived with you ever at all.  This child knows you as an absentee father who is trying really hard to see her, but the . . . the . . . you know, the reports I have are that the time that you did have visitations, they may have gone well from your stand point, but it was not an indication that she would be comfortable living with you on a sole basis.  So what I'm saying to you is that I don't . . . I don't think it's in the best interest of the child to give you joint . . . give you sole custody.  I do not think that this child would be best served by being in your sole custody.

The order from which father appeals notes that father failed to present sufficient evidence warranting entry of an order granting father sole custody.  The record demonstrates that the trial court made its decision based upon the child's best interests.  Therefore, as we cannot say the trial court's decision to deny father's request for sole custody is clearly wrong or an abuse of discretion, we affirm the trial court's decision.

Affirmed.
