COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Alexandria, Virginia


JAMES J. MORTIMER

v.         Record No. 0418-95-4        MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
TERI L. MORTIMER                            DECEMBER 29, 1995


                 FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                         James L. Berry, Judge

             Marilyn Ann Solomon for appellant.

             Mark Allen Vann (Chasler, Adrian and Bowman,
             P.L.C., on brief), for appellee.


        On appeal from the trial court's decree of January 24, 1995,

granting James Mortimer and Teri Mortimer a divorce a vinculo

matrimonii, James Mortimer contends that the trial court erred

(1) in awarding custody of the parties' two minor children to Ms.

Mortimer, (2) in awarding spousal support to Ms. Mortimer, (3) in

determining the equitable distribution award, and (4) in awarding

attorney's fees to Ms. Mortimer.  We find no error and affirm the

judgment of the trial court.

        Mr. and Ms. Mortimer were married on August 25, 1984 in

California.  At the time of their separation on October 16, 1992,

they had two minor children, Ashlee age 6 and Justin age 3.

        On January 22, 1993, the parties entered into a joint

consent decree giving both parents legal custody and Ms. Mortimer

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

physical custody.  Under the decree, Mr. Mortimer was required to pay $650 a month in child support.

In June, 1993, Ms. Mortimer moved with the children to California without giving notice to Mr. Mortimer.  Mr. Mortimer petitioned for a change in custody because Ms. Mortimer had taken the children out of the state in violation of his right to joint custody.  The Juvenile and Domestic Relations District Court of Frederick County entered an order on November 24, 1993, giving both parents legal custody, but retaining physical custody with Ms. Mortimer.

On January 24, 1995, the parties were divorced a vinculo matrimonii on the ground of a one year separation.  The court awarded Ms. Mortimer physical and legal custody of the minor children, $758 a month in child support, $100 a month in spousal support, $1,564 lump sum payment, and $2,025 in attorney's fees.

First, Mr. Mortimer contends the trial court failed to properly apply Code § 20-124.3 in determining custody of Ashlee and Justin.  He contends that Ms. Mortimer's moving to California with the children was a material change in circumstances justifying a change in custody to him.  He argues that it is in the children's best interests to live with him and that they have suffered since their move to California.

We find no error in the trial court's award of custody to Ms. Mortimer pursuant to Code § 20-124.3.  The trial court applied the factors from Code § 20-124.3 and "found none

significantly negative or overwhelmingly positive as regards to this matter to disturb the status quo." "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

Second, Mr. Mortimer contends the trial court erred in awarding $100 a month spousal support to Ms. Mortimer. He argues that Ms. Mortimer is not entitled to spousal support because she caused the marriage breakup and she gave up a well-paying job with benefits to move to California. He additionally argues that he is unable to pay spousal support. We disagree.

The trial court considered all the factors in Code § 20-107.1 and found no disqualifying circumstances barring an award. It further found that Mr. Mortimer had the ability to pay spousal support and that Ms. Mortimer needed support. "When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).

Third, Mr. Mortimer contends the trial court erred in determining the equitable distribution of the parties' marital property. "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award

will not be set aside unless plainly wrong or without evidence to support it.  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990) (citation omitted).  The trial court found the marital assets received by Mr. Mortimer equaled $18,550 and the marital assets received by Ms. Mortimer equaled $8,950.  The trial court ordered Mr. Mortimer to pay $6,471 in marital debts and a $1,564.50 lump sum payment to Ms. Mortimer to equalize the marital assets.  This gave each party $10,514.50 of the marital assets.  We find no error in the trial court's award.

Fourth, Mr. Mortimer contends the trial court erred in awarding Ms. Mortimer attorney's fees.  He argues that he was punished for not accepting Ms. Mortimer's "Offer and Compromise."  We disagree.

A trial court has authority pursuant to Code § 20-103 to award attorney's fees to enable a spouse to maintain a suit.  "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citation omitted).  An award of attorney's fees was appropriate under the circumstances because Mr. Mortimer refused the "Offer and Compromise" when he knew that he had insufficient evidence to warrant a change of custody.  He thereby prolonged the litigation knowing Ms. Mortimer could ill afford additional attorney's fees.

We affirm the judgment of the trial court.

- 4 -

<u>Affirmed</u>.