COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued at Richmond, Virginia


LAURA RENEE DELIBERATO DECAPRI

v.          Record No. 0446-95-2          MEMORANDUM OPINION[*]
                                          BY JUDGE SAM W. COLEMAN III
CHRISTOPHER DAMIEN DECAPRI                    JANUARY 23, 1996


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

            Thomas O. Bondurant, Jr. (Bondurant & Benson,
            on brief), for appellant.

            William C. Wood (Michael S. Ewing; Rawlings &
            Wood, on brief), for appellee.


     Laura DeCapri appeals from the trial court's order denying
her petition for sole custody of Brittany DeCapri.  She contends
that the trial court erred in finding that Brittany's best
interests would not be served by granting the petition for sole
custody and allowing her to relocate to Cleveland, Ohio with
Brittany.  We hold that the trial court did not err and affirm
its order.

     Laura DeCapri and her former husband, Christopher DeCapri,
were divorced pursuant to a December 31, 1991 final decree of
divorce.  The decree incorporated a settlement agreement that
gave Laura and Christopher DeCapri joint custody of their
daughter Brittany.  The agreement provided that Laura DeCapri
would be the custodial parent and exercise primary control and

───────────────
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

supervision of Brittany.

On March 15, 1993, Laura DeCapri filed a petition requesting sole custody of Brittany and permission to move Brittany to Cleveland. After a hearing, the trial court entered an order denying the petition on the ground that it would not be in Brittany's best interests to relocate to Cleveland with her mother.

Laura DeCapri, alleging a "substantial" change in circumstances since the hearing on her March 1993 petition, filed a second petition on October 27, 1994, again requesting sole custody and permission to relocate Brittany to Cleveland. This appeal arises from the trial court's order denying the October 27, 1994 petition.

In considering a petition to change child custody, a trial court applies a two-part test to determine "(1) whether there has been a [material] change of circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986). Although the trial court did not expressly find a material change in circumstances, the record shows that Laura DeCapri had been admitted to a community college in Cleveland subsequent to the court having denied her first petition for a change in custody. Also, Christopher DeCapri has remarried and fathered a child with his current spouse since the

last custody determination.  Therefore, credible evidence supports a finding of a material change in circumstances.  Id. (stating that "[w]hether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence").

Laura DeCapri relies on Gray v. Gray, 228 Va. 696, 698-99, 324 S.E.2d 677, 678 (1985), Simmons v. Simmons, 1 Va. App. 358, 364, 339 S.E.2d 198, 201 (1986), and Scinaldi v. Scinaldi, 2 Va. App. 571, 576-77, 347 S.E.2d 149, 152 (1986), in support of her contention that the trial court erred by finding that it would not be in Brittany's best interests to relocate with Laura DeCapri to Cleveland.  Reliance on these cases is misplaced. Although in each case the court allowed the custodial parent to relocate to a different state, in all three cases, the burden was on the non-custodial parent to prove that it was in the children's best interests to prevent the relocation by granting a change in custody.  Here, the parents have joint custody, and Laura DeCapri is seeking a change in custody in order to move Brittany to another state.  We, therefore, find the facts of this case similar to the facts in Carpenter v. Carpenter, 220 Va. 299, 257 S.E.2d 845 (1979), in which the Supreme Court affirmed the trial court's decree denying the custodial parent consent to move the children from the Commonwealth to New York.

"On appeal, we review the evidence in the light most

favorable to the prevailing party below. `The trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it.'" Hughes v. Gentry, 18 Va. App. 318, 321-22, 443 S.E.2d 448, 451 (1994) (citations omitted).

Here, as the trial court noted, "[t]he parties went to great lengths in establishing a joint custody arrangement," and although Laura DeCapri is responsible for the primary custody and care of Brittany, Christopher DeCapri has a very close relationship with his daughter. Both parents have maintained "an active role in the care, education and development of [Brittany]." Carpenter, 220 Va. at 302, 257 S.E.2d at 847. For instance, in addition to exercising his normal visitation rights and talking with Brittany on the telephone every day, Christopher DeCapri actively supervises Brittany's progress in school and participates in her school activities.

Furthermore, Brittany appears to have a good relationship with her father's new wife and child, and has friends in her father's neighborhood in Richmond. Christopher DeCapri testified that he wants "to go to the school plays, [and] help with school stuff," and that it would be physically impossible "to do everything [he is] doing now" if Brittany was in Cleveland. The evidence proves, therefore, unlike the evidence in Scinaldi, that the benefits of the relationship between Christopher DeCapri and

Brittany cannot be substantially maintained if Brittany is moved to Cleveland. Scinaldi, 2 Va. App. at 575, 347 S.E.2d at 151.

Laura DeCapri would like to return to college because she "need[s] to be financially able to take care of [herself] and Brittany in the event that something were to happen to Mr. DeCapri, . . . or that he wasn't able to [maintain] two families." Although Laura DeCapri concedes that she could pursue her education in Richmond, she contends that relocating to Cleveland would best serve Brittany's interests because her family lives in Cleveland and she would be able to take better care of Brittany if she had the financial and moral support of her family. Despite the fact that eventually Laura DeCapri might better be able to provide financially for Brittany if she could pursue her education, the evidence does not show that her ability to provide support is impaired by being in Richmond. Moreover, Christopher DeCapri has complied with his support obligations, and the record does not indicate that the financial support provisions of the separation agreement are inadequate. Furthermore, Christopher DeCapri testified that he is willing to provide day care for Brittany in order for Laura DeCapri to pursue her education.

By all indications, Brittany is a well-adjusted child who is happy and doing well in school. See Carpenter, 220 Va. at 302, 257 S.E.2d at 847. The trial court's finding that Brittany's

best interests would be best served by remaining in the Richmond area is not "plainly wrong or without evidence to support it." Accordingly, we hold that the trial court did not abuse its discretion by refusing to grant Mrs. DeCapri sole custody and allow her to relocate to Cleveland with Brittany, and we affirm the order.

<u>Affirmed.</u>