## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Scidney Adonis Morris

October 21, 1996

Case No. HH-960-A

BY JUDGE MELVIN R. HUGHES, JR.

The hearing in this matter took place beginning at approximately 11:00 a.m. and lasted to about 2:30 p.m. on October 17, 1996. The case is an appeal from the City of Richmond Juvenile Court regarding a child custody determination. There were a number of witnesses including the paternal grandfather, the present custodian, who was represented by counsel, and the mother-appellant, who acted *pro se*.

In such cases under § 16.1-278.15 the juvenile court may make an order regarding the custody and visitation of a child "as may be made by the circuit court." Under the (f) portion of the statute "[i]n any case or proceeding involving the custody or visitation of a child, the court shall consider the best interest of the child, including the considerations for determining custody and visitation set forth in Chapter 6.1 (§ 20-124.1 et seq.) of Title 20." In these cases, that is appeals from the juvenile court to the circuit court, the latter court acts with the power and authority granted to juvenile and domestic relations courts. Accordingly, the court must consider the best interests of the child, custody considerations, and, in instances where modification of a prior order is sought, a change in circumstances.

After a court renders a custody determination, as the juvenile court did here by order of May 18, 1995, in favor of this child's paternal grandfather, Joseph Cousins, Sr., as explained in *Keel v. Keel*, 225 Va. 606 (1983), there must be a change in circumstances and the change in custody must be in the best interests of the child. See also *Visihides v. Derr*, 3 Va. App. 69 (1986).

Here, the evidence does not reveal a change in circumstances to make any basis for altering the court's determination of May, 1995. As against the situation obtaining with the child's present custodian, the mother's

condition is relatively unstable. The child is well cared for where he is, he is in a loving home and he is doing well in school. Neither the evidence nor the court's interview with the child, age eight, suggests anything to the contrary. The mother, on the other hand, although loving and caring very much for her child, has not quite made her living arrangements and earning capacity suitable when adding the responsibility of caring for her son at this time is considered. The court is faced with the prospect of moving the child from a known stable environment to one less assured of continued stability, according to the history of the mother's own requests for assistance in rearing the child, movement out of state, and employment history. Again, nothing has been shown that the circumstances extant in May, 1995 have changed and that a different disposition would be in keeping with the child's best interests.

For these reasons, the court declines to change custody at this time. Accordingly, the court has entered an order today refusing the requested change and remanding this case to the juvenile court for the enforcement or modification of the order as circumstances require.