COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


KAREN RENEE TUCKER
                                        MEMORANDUM OPINION[*]
v.   Record No. 2014-97-3                  PER CURIAM
                                        MARCH 24, 1998
JAMES CARL TUCKER


            FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
                    Duncan M. Byrd, Jr., Judge

         (M. Teresa Harris, on brief), for appellant.
         Appellant submitting on brief.

         (Laura L. Dascher; Jeanne M. Hepler; Pasco &
         Dascher, on brief), for appellee.  Appellee
         submitting on brief.


     Karen Renee Tucker (mother) appeals the decision of the

circuit court awarding custody of the parties' son to James Carl

Tucker (father).  Mother contends that the trial court erred by

(1) exercising jurisdiction after the matter had been transferred

to the juvenile and domestic relations district court; and (2)

awarding custody to father.  We disagree and affirm the decision

of the trial court.

                          Jurisdiction

     Mother contends that the circuit court lacked jurisdiction

to hear father's motion for custody.  We disagree.  In Crabtree

v. Crabtree, 17 Va. App. 81, 84, 435 S.E.2d 883, 886 (1993), we

held that the transfer of "matters pertaining to support . . .

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and custody" to a juvenile and domestic relations district court pursuant to Code § 20-79(c) does not divest the circuit court of its continuing jurisdiction to consider those issues. Under Code § 20-108,

> a circuit court, after entry of a final decree of divorce, has continuing jurisdiction to change or modify its decree as to matters affecting custody, support, and visitation of minor children. Thus, although a final divorce decree had been entered, when the case was reinstated on the docket of the circuit court, the case was "pending" for consideration of those matters over which the circuit court had continuing jurisdiction.

Crabtree, 17 Va. App. at 85, 435 S.E.2d at 886.

In January 1996, the juvenile and domestic relations district court entered a consent decree awarding the parties joint custody. Father filed his bill of complaint for divorce in the circuit court in February 1996. The circuit court entered the final decree on April 12, 1996 and remanded "all future matters regarding child custody, visitation and support" to the juvenile and domestic relations district court. In April 1997, father filed a motion to reinstate the matter and to determine custody. Upon the filing of father's motion, the circuit court had authority to reinstate the case and to consider father's custody motion.

### Custody

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App.

595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). The parties conceded that there was a material change in circumstances. Therefore, the trial court was required to determine "whether a change in custody would be in the best interests of the child." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

Because the child was beginning school, the trial court noted that it was essential that one parent have primary physical custody. The court found that father lived with his parents, whose home had been the child's primary residence since birth; that the preponderance of the evidence indicated that the child had spent more time with father than with mother since September 1996; and that the child's current need for stability would best be served by awarding primary physical custody to father. The court's decision was based upon the child's best interests and was supported by the evidence. Therefore, we find no indication that the trial court abused its discretion.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

3

Benton, J., dissenting.

For the reasons stated in my dissent in <u>Crabtree v. Crabtree</u>, 17 Va. App. 81, 89-92, 435 S.E.2d 883, 888-91 (1993) (Benton, J., dissenting), I do not agree with the majority's conclusion that the circuit court had jurisdiction to consider the father's motion.  I would hold that the circuit court judge exceeded his power when he reinstated the case that had been transferred to the juvenile and domestic relations district court more than twenty-one days prior to the reinstatement order.  Because I would hold that the circuit court lacked jurisdiction, I would not reach the merits of the mother's additional question.