UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Alston, Decker and Senior Judge Coleman


TERRY R. ENGLE

MEMORANDUM OPINION[*]
v.        Record No. 1206-13-4                                           PER CURIAM
                                                                        DECEMBER 17, 2013
VANESSA EVERETTE WHITT EBERLE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

(Thomas F. Hennessy; Virginia Family Law Center, PC, on brief),
for appellant.

(Christian Curtis, on brief), for appellee.


Terry R. Engle (father) appeals an order granting Vanessa Everette Whitt Eberle's (mother)

motion to strike his motions to amend custody and visitation.  Father contends the trial court erred

by ruling that (1) he failed to offer sufficient proof of a material change in circumstances as defined

by Keel v. Keel, 225 Va. 606, 303 S.E.2d 917 (1983), and (2) he could demonstrate a material

change in circumstances "only by establishing proof of his continuing sobriety."  Upon reviewing

the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

"On appeal, the Court, in reviewing the ruling to strike a plaintiff's evidence, 'must view

the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to

the plaintiff.'"  Chaplain v. Chaplain, 54 Va. App. 762, 771, 682 S.E.2d 108, 112 (2009)

(quoting Economopoulos v. Kolaitis, 259 Va. 806, 814, 528 S.E.2d 714, 719 (2000)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 20, 2006, the parties entered into a consent order which awarded mother sole legal and physical custody of the parties' minor child. Father had visitation as agreed upon by the parties.

In 2008, father was awarded "a minimum of 4 uninterrupted hours on 2 weekends per month." In addition, the order stated:

> The parties are encouraged to gradually increase visitation as a record of consistency is shown. Father is encouraged to take whatever steps are necessary to establish proof of his continuing sobriety and the suitability of his home for overnight visitation, with a goal that the Father have such visitation when deemed appropriate by the consent of the parties or upon showing these conditions exist as a change of the present circumstances in which such have not been shown.

In 2011, father sought a modification of custody and visitation. The trial court granted mother's motion to strike because father failed to prove a material change in circumstances.

On April 10, 2012, father filed pleadings to modify custody and visitation. Father sought joint legal custody and expanded visitation. After a two-day hearing, the trial court granted mother's motion to strike. The trial court concluded that father had not shown a material change in circumstances because he did not prove "his continuing sobriety." The trial court further examined the factors in Code § 20-124.3 and concluded that it was not in the best interests of the child to modify custody or visitation "at this time." This appeal followed.

ANALYSIS

*Material change in circumstances*

Father argues that the trial court erred in ruling that he did not prove a material change in circumstances.

"The test [for modifying custody and visitation] . . . has two prongs: first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Keel, 225 Va. at 611, 303 S.E.2d at 921.

> The "change in circumstances" referred to in the first prong of the test is not limited to whether negative events have arisen at the home of the custodial parent. It is broad enough to include changes involving the children themselves such as their maturity, their special educational needs, and any of a myriad of changes that might exist as to them. It is also broad enough to include positive changes in the circumstances of the noncustodial parent such as remarriage and the creation of a stable home environment, increased ability to provide emotional and financial support for the children, and other such changes.

Id. at 612, 303 S.E.2d at 921.

Father had the burden of proving that a material change of circumstances had occurred since the most recent custody and visitation order. See Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994).

"Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986) (citing Moyer v. Moyer, 206 Va. 899, 904, 147 S.E.2d 148, 152 (1966)).

Father argued that there was a material change in circumstances because he presented evidence of a change in residence. At the time of the hearing, he lived in Pennsylvania, approximately three hours away from the child, but consistently came to Virginia for his visitations.

He also presented evidence of a reduction in his drinking. He voluntarily installed an ignition interlock device on his vehicle from November 2012 until May 2013.[1] According to Douglas Larson, the state director for Lifesafer of Virginia, the device can "measure and detect any form of alcohol down to one one-hundredth of a percent in breath alcohol reading." A person needs to take and pass the breathalyzer test before the vehicle can be started. Larson

---

[1] Ignition interlock services are typically placed on a vehicle for six months.

testified that on May 5, 2013, there were two failures on father's vehicle.[2] No other failures were detected over the six-month period that the device was on father's vehicle.

Father met with a psychologist who interviewed him and performed various tests.[3] Father informed the psychologist about his criminal history and past issues with alcohol and anger management. The psychologist acknowledged that father has a "history of an alcohol addiction and a history of a drug problem." He also testified that father admitted having "gone on [a] binge[]" in 2010, when he became intoxicated at a wedding. The psychologist found father "to be having depressive reaction, a long-term history of depression, a long-term history of substance abuse for which he reports having made significant changes over periods of time, an inflexibility at times at solving problems, but within a range that is not extremely problematic." He concluded that father's daily functioning is "mostly" appropriate. The psychologist further concluded that, based on his interviews with father, the child would not be at risk in father's care.

Father testified that he occasionally consumed alcohol over the past few years. He explained that the failures with the interlock system on May 5, 2013 occurred after he shared a bottle of wine with his fiancée and tried to move his vehicle in the driveway. He admittedly had not enrolled in any kind of program for alcoholics, such as AA, nor did he have a sponsor.

The trial court asked father, "How are we different today than we were with the previous order from the Court other than a change of residence?" The trial court noted that nobody argued that father's new residence was inappropriate; instead, the problem was that "[a]lcohol still plays a part in his life."

Despite father's arguments, the trial court did not err in considering father's sobriety when determining whether there was a material change of circumstances because the 2008 court

---

[2] Father's blood alcohol readings were 0.065 and 0.044.

[3] The tests were not admitted into evidence.

order stated that father had to "establish proof of his continuing sobriety and the suitability of his home for overnight visitation." The fact that father had a new residence was insufficient to prove a material change in circumstances. The 2008 order established that a material change in circumstances also needed to include father's sobriety. The trial court emphasized that the 2008 order was "the law of the case." Father's evidence established that he continued to consume alcohol as recently as May 5, 2013, when the breathalyzer on his vehicle registered at 0.065. Based on the evidence, the trial court held that father had not sufficiently addressed his alcohol problem.

In addition to finding that father did not prove a material change in circumstances, the trial court went further and analyzed the factors in Code § 20-124.3 to determine whether a change in custody or visitation would be in the best interests of the child. After reviewing all of the factors, the trial court concluded that "it's not in the best interests of the child to make those changes at this time."

Considering the specific language in the 2008 order and the evidence presented at trial, the trial court did not err in granting the motion to strike because father did not prove a material change in circumstances.

*Attorney's fees*

Mother asks this Court to award her attorney's fees incurred on appeal.[4] See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award her attorney's fees on appeal.

---

[4] Mother also asks that this Court "direct the [trial] court to reconsider its denial of fees . . . in the underlying proceeding." Mother did not include this issue as an additional assignment of error as required by Rule 5A:21(b) (the appellee's brief shall contain a "statement of any additional assignments of error the appellee wishes to present with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each additional assignment of error was preserved in the trial court"). Mother responded to father's arguments and then recited the relief she sought at the end of the brief. Since she did not comply with Rule 5A:21, we will not consider this issue.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>