UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

ANGELA M. GREGORY

MEMORANDUM OPINION[*]

v.      Record No. 0816-15-3            PER CURIAM
                                        JULY 19, 2016

PAMELA S. MARTIN

FROM THE CIRCUIT COURT OF PULASKI COUNTY
Marcus H. Long, Jr., Judge

(R. Christopher Munique; Lacy, Campbell & Munique, PC, on
brief), for appellant.  Appellant submitting on brief.

No brief for appellee.[1]

Angela M. Gregory (mother) is appealing an order that denied her visitation with her child

and granted the petition of Pamela S. Martin (the aunt) for leave to file for adoption of the child.

Mother presents the following assignments of error:

> 1. The Judge of the Pulaski County Circuit Court erred by limiting
> all of the evidence presented in this case to a time period of
> October 21, 2010 (the date the Pulaski Juvenile & Domestic
> Relations District Court entered an order granting Pamela S.
> Martin custody of [the child] and denying any visitation to Angela
> M. Gregory) to the date of trial, December 8, 2014. . . .
>
> 2. The Judge of the Pulaski County Circuit Court erred in his
> written opinion by writing that that "the child has never had a
> relationship with the mother or the mother's other daughters by a
> prior relationship.". . .

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] R. Cord Hall, guardian *ad litem* (GAL) for the minor child, submitted a letter in support
of the appellee.

3. The Judge of the Pulaski County Circuit Court erred by ruling that "there has been no change of circumstance regarding the child since the last Order of October 21, 2010.". . .

4. The Judge of the Pulaski County Circuit Court erred in his written opinion by stating that "the child has virtually no relationship with the mother and never has.". . .

5. The Judge of the Pulaski County Circuit Court erred in his written opinion by stating that "the mother has made little or no effort to see the child. The mother filed a visitation petition the day after she was released from prison. She has made no effort to see or contact the child.". . .

6. The Judge of the Pulaski County Circuit Court erred by stating in his written opinion that "the mother has never been a mother to the child nor had a relationship with the child.". . .

Upon reviewing the record and opening brief, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.

BACKGROUND[2]

The child was born in February 2005. She lived with mother for "about a year" before she went to live with the paternal grandparents. In 2007, the child's paternal grandmother died.

Both mother and father had substance abuse problems. In 2009, mother was convicted of grand larceny, breaking and entering, and grand larceny with the intent to sell. Mother was incarcerated from April 2009 until February 22, 2011. While incarcerated, mother took several classes and participated in the Therapeutic Community Program.

The paternal grandfather and the child moved into the aunt's home on September 16, 2010. The aunt petitioned for custody of the child. On October 21, 2010, the Pulaski County Juvenile and Domestic Relations District Court (the JDR court) awarded custody of the child to the aunt and held that mother would have no visitation. Mother was incarcerated at the time.

---

[2] Pursuant to Rule 5A:8, the record contains a written statement of facts, but no transcript.

In January 2011, the aunt filed a petition for consent to proposed adoption. The child's father gave his consent for the aunt to adopt the child.[3] On February 23, 2011, the day after she was released from prison, mother filed a motion to amend visitation. On May 9, 2011, the JDR court denied mother's motion for visitation and held that her consent to the adoption was withheld contrary to the child's best interests. The JDR court granted leave to the aunt to file for adoption. The mother appealed the JDR court rulings.

On the morning of September 16, 2011, a hearing was held in the Pulaski County Circuit Court before the Honorable Colin R. Gibb. Before mother could present all of her evidence, Judge Gibb stated that he needed to suspend the hearing because he had to hear another case that afternoon in Montgomery County Circuit Court. The trial court denied requests for mother to be allowed to visit with the child. The trial was delayed until July 23, 2013, when the parties again appeared before the trial court to present their case. On February 11, 2014, the trial court entered an order that denied mother's motion for visitation and found that mother unreasonably withheld her consent to the aunt's petition for leave to proceed with the adoption.

Mother appealed the February 11, 2014 order, and this Court reversed and remanded the matter. The Court held that the trial court denied mother a *de novo* trial and violated her due process rights. Gregory v. Martin, No. 0431-14-3, 2014 Va. App. LEXIS 312 (Va. Ct. App. Sept. 16, 2014).

On December 8, 2014, the parties appeared before the trial court for a new trial. The maternal grandmother testified that mother's family had regular visitation with the child in the past. The trial court limited the testimony to events that occurred after October 21, 2010, the date of the JDR custody order.

---

[3] The aunt is the father's sister.

Mother testified about her situation and explained the positive steps she has taken while she was incarcerated and since she has been released from prison. She had passed all of her drug screens, found full-time employment, and cooperated with her probation officer. She was released from probation while the prior appeal was pending in this Court. Since her release from prison in 2011, mother obtained her driver's license and started visiting with her older two children, the half-sisters of the child in this case. At the time of the hearing, the two older children were placed with mother full-time, and she had an upcoming custody hearing, at which she expected to receive full custody. Mother requested that she be allowed to visit with the child in this case.

The paternal grandfather testified. He said that the child had lived with him for most of her life, but she lived with mother for "about a year" before she started living with him and his wife. The trial court would not allow counsel to ask the paternal grandfather any further questions about the year that the child lived with mother because it occurred prior to October 21, 2010.

The aunt testified as to how long the child had been living with her. The aunt explained that the last time that the child visited with the mother's family was December 22, 2010 through December 24, 2010. The aunt did not want the child to have contact with mother (or father).

The GAL recommended that mother's motion to amend visitation be denied and the aunt's petition for leave to proceed with the adoption be granted. The GAL acknowledged that mother had done very well since she was released from prison. However, he thought it would be "very detrimental" to the child if "she were required to 'start a relationship' with [mother]." The GAL did not think that mother ever had a relationship with the child.

In response to the GAL's statement, mother's attorney tried to explain that mother did have a relationship with the child and pointed to the paternal grandfather's testimony that the

child lived with mother for approximately one year. The trial court again stated that it would not accept any evidence prior to October 21, 2010. Mother's counsel also argued that there was no expert testimony that it would be "detrimental" for the child to have a relationship with mother.

The aunt's counsel argued that the child was doing well and that the child never had a relationship with mother.

On February 2, 2015, the trial court issued a letter opinion. The trial court ruled that there was no change of circumstances since the October 21, 2010 order, and it was not in the best interests of the child to modify the October 21, 2010 order. The trial court acknowledged that mother "made strides to improve herself;" however, it also noted that mother "had serious drug problems that led to her incarceration." The trial court also found that mother had "made no effort to visit the child except to file the Motion to Amend," which she did on the day after she was released from prison. The trial court noted that mother had not paid any child support or sent presents or letters to the child. The trial court ruled that the child was thriving and doing well with the aunt.

The trial court stated, "The circumstances have changed in the mother's life and she is to be commended. These circumstances have had little or no impact on the child, however. The mother has had little, if any, contact with the child since she was born." The trial court then reviewed the Code § 20-124.3 factors. The trial court concluded, "The Court finds that the child is in a good place. The mother has not been involved in the child's life. The mother appears to be doing well but still there is some doubt about her drug problems and choice of surroundings and people."[4]

---

[4] Although there was no information in the written statement of facts, the trial court's letter opinion referred to a man living with mother. The trial court expressed concern that the man had drug convictions.

The trial court reviewed the factors in Code §§ 63.2-1205 and -1208. It held that mother's consent to the adoption was being withheld contrary to the child's best interests. On May 8, 2015, the trial court entered the final order. This appeal followed.

ANALYSIS

"Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

*Assignment of error #1*

Mother argues that the trial court erred by excluding evidence prior to October 21, 2010 because Code § 63.2-1205 states that the judge is required to consider the "quality of any previous relationship between the birth parent and the child."[5] In response to this factor, the trial court found that the "child has never had a relationship with the mother or the mother's other daughters by a prior relationship." Mother further contends her due process rights were violated because the trial court did not consider any evidence of her relationship with the child since the child's birth.

"[T]he relationship between a parent and child is constitutionally protected by the Due Process Clause of the Fourteenth Amendment." Copeland v. Todd, 282 Va. 183, 198, 715 S.E.2d 11, 19 (2011) (citing Quilloin v. Walcott, 434 U.S. 246, 255 (1978)). The Supreme Court of the United States has characterized a parent's right to raise his or her child as "perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville, 530 U.S. 57, 65 (2000).

---

[5] Although mother did not object to the trial court's ruling until she noted her objections on the final order, her arguments were preserved. See Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (en banc) ("[C]ounsel may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge.").

"We have consistently held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best interests." Copeland, 282 Va. at 197, 715 S.E.2d at 19 (citing Malpass v. Morgan, 213 Va. 393, 398-99, 192 S.E.2d 794, 798-99 (1972)). "Virginia's statutory scheme for adoption, including Code §§ 63.2-1205 and -1208, defines the best interests of the child in terms that require more expansive analysis than when the contest is between two biological parents." Id. at 199, 715 S.E.2d at 20.

Code § 63.2-1205 states:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, . . . the circuit court . . . shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court . . . shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

The trial court made the following findings with respect to Code § 63.2-1205:

> The mother has not made any effort to obtain or maintain legal and physical custody of the child. The mother has not stated that she is willing and able to assume full custody of the child. There was no evidence the mother's efforts to assert parental rights were thwarted by other people. The mother has made no efforts to assert her parental rights other than to file the Motion to Amend visitation. The mother did not put on any evidence regarding her ability to care for the child. The child is nine (9) years old and will be ten (10) on February 28, 2015. The child has never had a relationship with the mother or the mother's other daughters by a prior relationship. The child has been in the present custodial relationship since October 21, 2010. The present custodial environment of the child is excellent. The child is in a warm, stable home and her needs are more than met. A change of physical custody of this child would be traumatic for the child.

The trial court would not allow mother to present any evidence prior to October 21, 2010, but it concluded that the child did not have a relationship with her. The trial court may be correct that the child did not have a relationship with mother at the time of the hearing. However, without knowing about mother's relationship with the child from birth until October 21, 2010, the trial court erred by concluding that the child *never* had a relationship with mother. According to the statutory language in Code § 63.2-1205, the trial court erred by not allowing mother to present evidence regarding her relationship with the child.

The GAL argues that any error by the trial court would be harmless because mother did not improve her situation until after she was released from incarceration. The record does not contain enough information to determine whether the error is harmless because the trial court would not allow mother to discuss her relationship with her child prior to October 21, 2010. Therefore, we cannot address this argument.

*Assignments of error # 2-6*

Mother also objects to the trial court's various findings that she did not have a relationship with the child. As noted above, mother was not allowed to present any evidence of her prior relationship with the child.

The trial court held that there was no material change of circumstances since October 21, 2010. "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986) (citing Moyer v. Moyer, 206 Va. 899, 904, 147 S.E.2d 148, 152 (1966)).

At the time of the October 21, 2010 court order, mother was incarcerated. Since that time, she was released from prison and presented evidence that she was drug-free, had full-time employment, and had housing. The trial court acknowledged that mother's situation improved.

Based on the evidence, the trial court erred in concluding that there was no change of circumstances.

However, the Supreme Court of Virginia has held that "despite changes in circumstances, there can be no change in custody [or visitation] unless such change will be in the best interests of the children." Keel v. Keel, 225 Va. 606, 612, 303 S.E.2d 917, 921 (1983).

The trial court reviewed the Code § 20-124.3 factors and concluded that it was not in the child's best interests to modify the October 21, 2010 order. However, in light of our rulings, we remand the case for the trial court to reconsider the child's best interests.

CONCLUSION

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.