COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia

JUSTIN B. FRIEDRICHS

v.    Record No. 1510-15-2

ERICA L. BROWN

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
JULY 26, 2016

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

Player B. Michelsen (Batzli Stiles & Butler, on briefs), for appellant.

Mary Burkey Owens; Nancy L. Quinn, Guardian *ad litem* for the infant children (Erica L. Giovanni; Owens & Owens; Kanady & Quinn, P.C., on brief), for appellee.


Justin B. Friedrichs ("father") appeals the trial court's denial of his motion to amend a custody and visitation order for his two children. Father also contends that the trial court erred in granting a motion to strike his evidence proving a material change of circumstances and in awarding attorney's fees and costs to Erica L. Brown ("mother"). Both parties request that this Court award them attorney's fees and costs on appeal.

I. BACKGROUND

Father and mother are the parents of a daughter, born in February 2005, and a son, born in January 2008. The parties were previously married, but separated in 2009 and are now divorced. Following a trial on January 9, 2014, the circuit court granted the parties joint legal custody, and awarded primary physical custody and final decision-making authority to mother. The court also

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

established a visitation schedule for father and remanded the case to juvenile and domestic relations district court ("JDR court").

Between February and May 2014, father filed several *pro se* motions in JDR court, including two rules to show cause and a motion to amend visitation. On June 4, 2014, the JDR court entered a pretrial order, consolidating all of the matters for a hearing on November 12, 2014. Pursuant to the order, the parties participated in a settlement conference on September 4, 2014. Father was represented by counsel at the conference. Father also filed a third rule to show cause against mother in August 2014.

On October 24, 2014, father filed a motion for leave to amend his motion to amend visitation. The JDR court granted the amendment over mother's objection and rescheduled the November 12 hearing to December 10, 2014, to afford mother time to prepare. Father then filed a second motion for leave to amend his motion to amend visitation on November 19, 2014, and a motion to amend custody on December 5, 2014. Mother moved to dismiss those motions on the grounds that father's motions were filed in violation of the pretrial order. She also requested attorney's fees.

On December 10, 2014, the JDR court held a hearing on the show cause rules that father filed against mother. The court dismissed the rules, took mother's motion for attorney's fees under advisement, and continued the motions to amend custody and visitation until March 18, 2015. On that date, at the conclusion of the father's evidence, the court granted mother's motion to strike the evidence on the motion to amend custody. The JDR court ordered a slight modification of father's visitation, based on a change in the children's summer break, but ruled that the rest of the visitation provisions contained in the January 9, 2014 order would remain in effect. The court also awarded mother $18,515 in fees and costs.

Father appealed both orders to circuit court and the case was heard on August 6, 2015. On that date, father presented evidence in support of his contention that a material change of circumstances warranted amendment of the January 2014 order. Specifically, father asserted that the children's developmental needs had evolved, the children had developed a closer relationship with him, and mother was not cooperating with him. Father asked the court to grant him primary physical custody, or in the alternative, to amend his visitation schedule. He conceded that the children were excelling academically in their current school near mother's home. The guardian *ad litem* advised the court that in her opinion, the children were thriving and she did not believe there was a material change in circumstances.

At the conclusion of father's evidence, mother moved to strike, based on father's failure to show a material change in circumstances. The court granted the motion, finding that father's contention that the children were maturing and had a better relationship with him did not constitute a material change in circumstances. It also held that the fact that father and mother did not communicate well was no different from the situation between the parties when the January 14, 2014 order was entered.

The court awarded mother $43,462.50 in attorney's fees and costs, based on its finding that father's claims were not "even close to bona fide" and the litigation was "absolutely, positively prolonged" because of him. Additionally, the court noted that father "caused unnecessary delays on multiple occasions by violating pretrial orders and asking the cases be continued by filing additional motions." Father appeals the court's decision.

## II. ASSIGNMENTS OF ERROR

Father asserts six assignments of error:

> I. The trial court erred by ruling that developmental changes in the children do not constitute a material change in circumstances for purposes of determining whether a modification of the existing custody and visitation Order would be in the children's best

- 3 -

interests pursuant to the factors contained [in] Virginia
Code § 20-124.3.

II.    The trial court erred by ruling that positive changes in the Appellant/Father's relationship with the children does not constitute a material change in circumstances for purposes of determining whether a modification of the existing custody and visitation Order would be in the children's best interests pursuant to the factors contained in Virginia Code § 20-124.3.

III.    The trial court erred by finding that Appellee/Mother's continued refusal to cooperate with the Appellant/Father does not constitute a material change in circumstances unless he also proved that such refusal affected the children academically, physically, and emotionally so much that they needed to have a change in custody or visitation.

IV.    The trial court erred by granting Appellee/Mother's Motion to Strike Father's evidence which proved a material change in the circumstances of the parties and the children.

V.    The trial court erred by failing to find Appellant/Father's evidence proved a material change of circumstances and then failing to consider whether a modification of custody would be in the children's best interests in accordance with Virginia Code § 20-124.3.

VI.    The trial court abused its discretion in its award of attorney's fees and costs to the Appellee/Mother.

### III.  ANALYSIS

#### A.  Assignments of Error 1, 2, 3, and 5

Father contends that the court erred in finding that he had not proved a material change in circumstances since the most recent custody and visitation order in January 2014.  The Supreme Court of Virginia has established a two-pronged test to determine modification of a custody and visitation order:  "first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children."  Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).

1. Standard of Review

We have held that "[w]hether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986). Accordingly, a trial court's "decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Wheeler v. Wheeler, 42 Va. App. 282, 288, 591 S.E.2d 698, 701 (2004). In addition, "the parent seeking to obtain a transfer of custody bears the burden to show a change in circumstances following the most recent custody award." Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994).

2. Analysis

Appellant asserts that the trial court erred by finding that his evidence of the children's developmental changes did not constitute proof of a material change in circumstances. He notes that between the January 2014 order and the trial in August 2015, the children had matured, were engaged in additional extracurricular activities, and were excelling academically. The court found that the events related by father constituted normal changes during a child's life and did not amount to a material change of circumstances.

To support his contention, father relies on the following language from Keel v. Keel:

> The "change in circumstances" referred to in the first prong of the test is not limited to whether negative events have arisen at the home of the custodial parent. It is broad enough to include changes involving the children themselves such as their maturity, their special educational needs, and any of a myriad of changes that might exist as to them.

225 Va. at 611-12, 303 S.E.2d at 921. However, the Court also held that "[t]here is no simple, mechanical, 'cut and dried' way to determine whether there has been a change in circumstances." Id. at 613, 303 S.E.2d at 922. In other words, determining whether a party has established a *prima facie* case of a change in circumstances is a fact-specific inquiry. We afford great deference to the

- 5 -

trial court's finding of facts where the record contains credible evidence supporting its finding. See Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 3-4 (1992). Father's evidence at trial showed that the children were progressing normally, both developmentally and academically. Accordingly, we find that the trial court did not err in holding that evidence of the children's normal development and increasing maturity was not, in and of itself, a material change in circumstances.

Father also argues that his greater involvement in the children's lives and his stronger relationship with them constitute a material change in circumstances. The trial court found that father's strengthened bond with his children was attributable to the drafting of the order and that while it logically followed that father's relationship with his children was strengthened by spending more time together, it did not in itself constitute a material change of circumstances. When a court hears evidence at an *ore tenus* hearing, its decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it. Piatt v. Piatt, 27 Va. App. 426, 432, 499 S.E.2d 567, 570 (1998). Accordingly, we find that the court did not err in determining that father's increased involvement in the children's lives did not establish a material change in circumstances.

Finally, father argues that mother's "refusal to cooperate" with him was a material change of circumstances, and the court erred in failing to conduct a best interest analysis under the second prong of the Keel test. Father cites Code § 20-124.3(7) as authority that the trial court was required to consider the best interests of the children and "the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child[ren]." However, the factors of Code § 20-124.3 are only relevant when the court is conducting a best interest analysis. If the court finds that a party has not proven the threshold issue of a material change of circumstances, then it is not required to consider the second prong of the test for modification, the best interests of the children.

See Wheeler, 42 Va. App. at 289, 591 S.E.2d at 702; Surles v. Mayer, 48 Va. App. 146, 170-71, 628 S.E.2d 563, 575 (2006).

In the present case, the trial court indicated in its factual finding that "I don't think the two of you have ever gotten along and communicated well." The evidence supported this conclusion. The court noted that prior to the January 2014 order, the parties had attempted co-parenting classes four times during the years since they had separated and were never successful at improving their relationship. Between January 2014 and August 2015, the parties refused to allow one another to spend additional time with the children that was not specifically provided for in the January 2014 order. We find that the court was not plainly wrong in reaching the conclusion that father failed to prove a material change in circumstances had occurred. Therefore, the court was not required to consider whether a change of custody was in the best interests of the children.

## B. Assignment of Error 4: Motion to Strike

Father contends that the trial court erred in granting mother's motion to strike at the conclusion of his case. He asserts that his evidence was sufficient to establish a *prima facie* case showing a material change of circumstances.

### 1. Standard of Review

"A motion to strike is in effect a motion for summary judgment which is not to be granted if any material fact is genuinely in dispute." Costner v. Lackey, 223 Va. 377, 381, 290 S.E.2d 818, 820 (1982). "In considering a motion to strike the plaintiff's evidence, a trial court is required to resolve any reasonable doubt as to the sufficiency of the evidence in favor of the plaintiff." Id. On appeal, this Court must view the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff whose evidence was struck. See Warehouse Distribs. Inc. v. Prudential Storage & Van Corp., 208 Va. 784, 790, 161 S.E.2d 86, 90 (1968). The existence of a material change in circumstances is a factual finding by a trial court that will not be disturbed on appeal if the

- 7 -

finding is supported by credible evidence. See Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

### 2. Analysis

In ruling on mother's motion to strike, the trial court discussed each of the issues that father raised in his motion to amend. The court alluded to the fact that although the children have become older, are involved in more extracurricular activities, and spend more time with their father, those developmental changes were normal for children their age. The court also acknowledged that the parties do not communicate well, which had not changed since the January 2014 order. The court found that this evidence did not establish a *prima facie* case of a change in circumstances. We hold that the trial court did not abuse its discretion in finding that father did not prove a material change of circumstances, and in granting mother's motion to strike.

### C. Assignment of Error 6: Attorney's Fees

Father contends that the trial court erred in finding that he was responsible for prolonging the litigation and therefore ordering him to pay mother's attorney's fees and costs. We disagree.

"An award of attorney's fees and costs 'is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case.'" Mayer v. Corso-Mayer, 62 Va. App. 713, 731, 753 S.E.2d 263, 272 (2014) (quoting Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987)). It "is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).

Father filed three rules to show cause against mother in JDR court. The first rule was filed one month after the final order was entered in January 2014. All three rules were dismissed. Between May and November 2014, father filed three motions to amend visitation. Additionally, father filed a motion to amend custody in December 2014, months after he retained counsel, and

only days before trial was scheduled to commence in JDR court. When mother's motion to strike father's case was granted in JDR court, father appealed. In a trial *de novo*, the circuit court also reached the conclusion that father had not put forth a *prima facie* case of a material change in circumstances and granted mother's motion to strike.

In awarding attorney's fees to mother, the trial court noted that father "absolutely, positively prolonged" the litigation by filing myriad motions to amend. The timing of those motions required the case to be continued. The court's conclusion is also supported by the procedural history of the case. For example, father filed his motion to amend custody less than five days before the trial that had already been continued once because of father's repeated filings. We find that the court did not abuse its discretion in awarding attorney's fees, and we likewise award mother her attorney's fees and costs expended on appeal.

## IV. CONCLUSION

For the foregoing reasons, the ruling of the trial court is affirmed and the matter is remanded for a determination of attorney's fees.

Affirmed and remanded.